PEOPLE ex rel. KEMMETT v. CRAIG, Sheriff.

(Supreme Court, Special Term, Monroe County. July 11, 1908.)

1. INTOXICATING LIQUORS—CRIMINAL PROSECUTIONS—JURISDICTION—STATUTORY
PROVISIONS—REPEAL BY ROCHESTER CHARTER.

Liquor Tax Law, Laws 1896, p. 76, c. 112, § 35, subd. 1, requires certain violations of the liquor law to be prosecuted by indictment and by trial in a court of record having jurisdiction for the trial of felonies, and authorizes a fine of $1,200 and imprisonment. The new charter of Rochester (Laws 1907, p. 2354, c. 755), by section 468, gives the Police Court exclusive jurisdiction to try persons for misdemeanors, and section 638 (page 2384) of the act repeals all acts and parts of acts inconsistent therewith; and under the charter the police justice was limited in imposing fines to the amount of $500. *Held*, that the charter did not repeal the liquor tax law, so as to give the Police Court exclusive jurisdiction of the misdemeanor in question, since the effect would be to do away with the beneficial results of the liquor law, and the provisions are not so inconsistent as to require such a holding.

2. STATUTES—CONSTRUCTION—REPEAL.

Courts should avoid construing statutes so as to lead to absurdity and injustice; hence a city charter, giving the Police Court jurisdiction of misdemeanors and repealing all laws in conflict therewith, does not repeal a general law authorizing prosecution of certain violations of the liquor law by indictment and trial in a court of record having jurisdiction of felonies, where the effect would be to make a farce of the liquor law and prevent its satisfactory enforcement.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 225, 226.]

3. SAME—REPEALING CLAUSE IN CITY CHARTER—EFFECT.

In determining whether a provision of a city charter repeals a general law, a provision in the charter repealing all acts or parts of acts inconsistent therewith is not of great importance; for it is a usual provision in nearly all general or special acts, by way of greater caution, and the actual intent of the Legislature will be determined, if possible, notwithstanding such clause.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 44, Statutes, §§ 225, 226.]

Habeas corpus, on the relation of Nikolaus Kemmett, against William H. Craig, sheriff of Monroe county. Writ dismissed, and relator remanded.

Wile & Oviatt, for relator.
Howard H. Widener, Dist. Atty., for the People.

CLARK, J. This is a proceeding under a writ of habeas corpus, brought to release the relator from the custody of the sheriff of Monroe county. The return to the writ shows that the relator was held

by the sheriff under two indictments found by the grand jury of Monroe county on or about the 23d day of May, 1908, charging the relator with violations of the liquor tax law. It further appears from the conceded facts that the relator was arrested on the 22d day of March, 1908, and arraigned on the next day in the Police Court of the city of Rochester, charged with violations of the liquor tax law on the previous Sunday. A plea of not guilty was entered by the relator in the Police Court, and he demanded a trial by jury, which request was denied, and after several adjournments of the case an examination was held on or about the 7th day of April, 1908, and at its conclusion the police justice of the city of Rochester held the relator for the action of the grand jury, and, upon the case being investigated by that body in May, 1908, two indictments were found against him, and he was held by the sheriff of Monroe county under those indictments when this writ was sued out, and the question to be determined here is whether or not the police justice of the city of Rochester had exclusive jurisdiction of this matter, and should have granted the relator a jury trial on his demand therefor.

The liquor tax law, which is a general statute passed in 1896 (Laws 1896, p. 76, c. 112), and which has subsequently been several times amended, provides, among other things, as follows:

"Except as otherwise provided by this act, all proceedings instituted for the punishment of any violations of the provisions of this act, the penalties for which are prescribed in subdivision 2 of section 34, shall be prosecuted by indictment by the grand jury of the county in which the crime was committed and by trial in a court of record having a jurisdiction for the trial of crimes of the grade of felony." Liquor Tax Law, § 35, subd. 1.

And section 34, subd. 2, prescribes the penalty for a violation similar to that with which the relator is charged. It will thus be seen that, according to the liquor tax law, the charge which was brought against the defendant should be prosecuted by indictment and in a court of record, unless that statute has been modified and repealed by the new charter of the city of Rochester, which was enacted in 1907, and went into effect on the 1st day of January, 1908, concededly before the time it is alleged the relator violated the liquor tax law.

It is claimed in behalf of the relator that the new charter of the city of Rochester (Laws 1907, p. 2354, c. 755, § 468) has vested the Police Court with exclusive jurisdiction in a case of this character, and that, the crime having been committed, if committed at all, within the limits of the city of Rochester, the grand jury had no jurisdiction in this matter, and that the County Court, to which the indictments were sent for disposition, is without jurisdiction, and that the whole matter should have been disposed of in the Police Court, which court, under section 468 of the charter of the city of Rochester, had exclusive jurisdiction to try the defendant upon the charge in question, which is concededly a misdemeanor.

The closing sentence of section 468 of the charter of the city of Rochester (chapter 755, p. 2354, Laws 1907), in speaking of the jurisdiction of the Police Court thereby created, has this language:

"And also has [the Police Court] exclusive jurisdiction in the first instance to try for any other misdemeanor committed in the city, any person who is brought before said court charged with such offense."

Section 638 of said act provides that:

"All acts and parts of acts inconsistent herewith are repealed, so far as they affect the city of Rochester."

It is claimed on behalf of the relator that section 638, just quoted, expressly repeals the liquor tax law, in so far as prosecutions for violations of the liquor tax law are concerned in cases similar to the one at bar, wherein that law gives jurisdiction to the grand jury and a court of record, and in its place confers exclusive jurisdiction in such matters upon the Police Court. I cannot agree with this contention of the learned counsel for the relator. While in the mass of legislation that we have there are perhaps many times statutes enacted which are seemingly inconsistent, it is inconceivable that the Legislature, when it enacted the new charter of the city of Rochester, intended to make a farce of the liquor tax law; for it would really amount to that, because the police justice, according to said charter, is limited in imposing fines to the amount of $500, whereas the liquor tax law distinctly provides in a case of this character a fine of $1,200 might be imposed, besides imprisonment.

The liquor tax law has proven itself in many ways to be a very beneficent statute; but if by enacting charters for cities and villages, and giving exclusive jurisdiction in cases of misdemeanors to the Police Courts of such localities, the authority to punish for violations of the liquor tax law can be thus limited to less than one-half of the maximum punishment as prescribed by that law, it can readily be seen that it would make a farce of that statute, and offenders in localities where experience shows the law is most frequently violated, to wit, in large cities, would upon conviction be apt to receive much less punishment than similar offenders in rural districts. I do not believe that the Legislature intended any such chopping to pieces and destroying of the terms and effect of the liquor tax law.

Since the enactment of that law the prosecution of violaters by indictment has proven most satisfactory and effective. It has done away with the unsatisfactory results which for years obtained in seeking to enforce obedience to the old excise law, where local courts had exclusive jurisdiction, and where in many cases local influences prevented a satisfactory enforcement of the law. That was all remedied by the liquor tax law, when it was provided that prosecutions for its violation must be had in a court of record; and it is hardly to be believed that it was the intention of the Legislature to do away with the beneficent results that have followed the enforcement of the liquor tax law according to its provisions, and return to the old order of things, which it was part of the purpose of the liquor tax law to do away with. I think a construction that the charter of the city of Rochester (chapter 755, p. 2218, Laws 1907) repealed the liquor tax law, in so far as it had reference to jurisdiction of courts for offenses of this character committed in the city of Rochester, would lead to absurdity and injustice, and courts should avoid that, in construing statutes, if it be possible. People v. Jaehne, 103 N. Y. 182, 8 N. E. 374.

If it had been the intention of the Legislature to repeal the liquor tax law in so far as it affected the jurisdiction of courts for offenses

committed against that law in the city of Rochester, it is fair to presume that it would have plainly said so. So far as the mere statement, in section 638 of the charter of the city of Rochester, that "all acts or parts of acts inconsistent herewith are repealed so far as they affect the city of Rochester," etc., is concerned, it is not of the greatest importance; for it is a usual provision put in most all general or special acts "by way of greater caution." Casterton v. Town of Vienna, 163 N. Y. 373, 57 N. E. 622. I think the liquor tax law and the charter of the city of Rochester are not so inconsistent but that by a reasonable construction they can stand together, for they are not necessarily inconsistent. Matter of Curser, 89 N. Y. 401. Those statutes are not so inconsistent that it can be said that the city charter repeals by implication the liquor tax law in the matter of jurisdiction of courts for violations committed in the city of Rochester, and it surely was not directly repealed by section 638, c. 755, p. 2384, of the Laws of 1907. That, as above stated, is a common statement, ordinarily put in for greater caution, and it seems to me that, if the Legislature had intended to virtually nullify the liquor tax law so far as punishing its violators in the city of Rochester was concerned, the legislative intent would have been so plainly expressed that there would have been no occasion for judicial construction.

As it is, while there is room for controversy, I think that a reading of the sections of the liquor tax law and the charter itself with reference to the jurisdiction of courts in matters affecting violations of the liquor tax law in the city of Rochester requires a construction that the statutes are not so inconsistent but that they can stand together, and that the police justice was well within his rights when he refused the relator a trial in his court, and after an examination held him for action of the grand jury. The liquor tax law should not be mutilated and rendered practically ineffective in certain sections of the state, unless the legislative intent is so plainly expressed as to leave room for no controversy or judicial construction. Every right of the relator will be safeguarded in the County Court, where he is entitled as a matter of right to a trial by jury, and the proceedings thus far seem to be entirely regular.

The writ of habeas corpus is therefore dismissed, and the relator is remanded to the custody of the sheriff of Monroe county.

An order may be entered accordingly.