## WORCESTER NATIONAL BANK

*v.*

## PRENTISS D. CHENEY.

1. FEES—*for transcript on appeal or error, when prepared by party himself.* Although a party bringing a cause to this court may himself procure the transcript of the record in the court below to be made, without the aid of the clerk of that court, yet if the clerk shall certify thereto as being correct, and the transcript thus prepared is filed in this court, the party so preparing the transcript at his own expense will, if successful in this court, be entitled to his costs therefor the same as if it had been prepared by the clerk.

2. SAME—*for making transcript in counties of the second class.* Clerks of courts in counties of the second class, as classified under the constitution for purposes relating to the fees and compensation of certain officers, are limited by the statute to the rate of ten cents per one hundred words as fees for making transcripts of records in their offices, and where a party procures his transcript to be made himself, he will be entitled to no greater fees therefor than the clerk could have properly charged for the same service.

3. JUDICIAL NOTICE—*as to population of counties.* In ascertaining to what class a county may belong, under a classification of counties as required by the constitution, for purposes of regulating the fees and compensation of certain officers, this court will take judicial notice as to what is the population of a county according to the preceding United States census.

4. CLASSIFICATION OF COUNTIES—*power of the legislature.* It is not competent for the legislature, in attempting to classify the several counties in the State, under the constitutional provision in that regard, for purposes of regulating the fees and compensation of certain officers, to place counties in the several classes, except it be according to population, as limited by the constitution;—and if a county shall be placed in a class to which it does not belong, according to the basis of population, the act will be unconstitutional and void.

This was a motion on behalf of the unsuccessful party in this suit, the appellee, to quash a fee bill from the office of the clerk of this court in the Central Grand Division.

Messrs. ROBINSON, KNAPP & SHUTT, for the motion.

Per CURIAM: This is a motion by the unsuccessful party to quash the fee bill in the above cause, and to have the costs

retaxed. Objection is taken to but a single item, viz: the sum of $297.50, for making the transcript of the record for the Supreme Court.

It appears the clerk of the circuit court from which this case comes to this court did not himself make the transcript, but he did permit counsel for plaintiff in error to have it prepared at the expense of their client, and when it was completed it was certified by the clerk as being correct. No fees were paid to the clerk for that part of the transcript he did not prepare, but the counsel that had it prepared made a memorandum on the margin, " transcript fee, $297.50; paid by appellants." It seems this memorandum was on the transcript when the clerk attached his certificate, but it was not observed by him. He states distinctly he never authorized any one to make such a memorandum on the record.

Notwithstanding the transcript was not made by the clerk having the custody of the records, he adopted the work done by plaintiff in error by attaching his signature and the seal of his office to it, and as plaintiff in error paid for the labor of making the transcript, there is no reason why he may not recover the statutory fees, the same as the clerk would have been authorized to charge under the law.

But it is made to appear the sum charged for the transcript is not authorized by law. It is too high. Greene county, in which is the original record, as a matter of fact belongs with counties of the second class, as counties are classed for the purpose of fixing the fees of county and township officers, but by the act of 1872 it was erroneously classed with counties of the first class for that purpose.

Section 12, article 10 of the constitution of 1870, confers power on the General Assembly to classify counties by population into not more than three classes, and to regulate the fees of certain officers named according to class. That the legislature undertook to do by the act of 1872, and first determined that the first class should consist of counties con-

taining a population of not exceeding twenty thousand inhabitants, according to the census of 1870; the second class of counties containing twenty thousand inhabitants and not exceeding seventy thousand, and the third class of counties containing a population exceeding seventy thousand inhabitants.

We must take judicial notice that by the census of 1870 Greene county contains a population exceeding twenty thousand inhabitants, and not exceeding seventy thousand, and therefore, according to the classification adopted, belonged to the second class. The legislature possessed no constitutional authority to place Greene county in the first class for the purpose of regulating the fees and compensation of certain officers named, and the act to that extent must be held to be inoperative and void. The act of 1879 has corrected the mistake apparent in the act of 1872.

Treating Greene county as belonging to the second class, taking as a standard the census of 1870, as adopted by the General Assembly, the clerk of the circuit court could only charge ten cents per one hundred words for making transcripts of records in his office, and of course plaintiff in error could recover no greater sum when he does the labor himself by the permission of the clerk.

The fee bill in this case as to the item mentioned will be quashed, and the clerk of this court will be directed to retax the costs of the transcript at ten cents for each one hundred words it contains.

*Motion allowed.*