# CHARLESTON.

ELDER *et al.* v. INCORPORATORS OF CENTRAL CITY.

Submitted January 15, 1895—Decided March 27, 1895.

INCORPORATION OF MUNICIPALITIES—CONSTITUTIONAL LAW.

Chapter 47 of the Code, in relation to the incorporation of cities, towns, and villages, in so far as it confers on the circuit court functions in their nature judicial and administrative, although in furtherance of the power of the legislative department of the state government, is constitutional and valid.

C. S. WELCH and SIMMS & ENSLOW for plaintiff in error, cited 29 Mich. 451; 32 Minn. 540; Cooley Con. Lim. p. 137; Locke on Civil Government 142; 43 Iowa 252; 28 W. Va. 289; 36 N. W. Rep. 813; 11 Ohio St. 99; 70 N. Y. 518; 14 Am. Rep. 312; 3 Am. & Eng. Cy. of Law, 698; 15 *Id.* 1003; Const. Art. VI, sec. 39.

GEO. J. McComas for defendants in error, cited Const. Art. VI, sec. 39; 32 Minn. 543; Cooley Con. Lim. 77; 10 Col. 553, 559; 13 Gratt. 78; 8 Pa. St. 391, 395, 416; 25 W. Va. 428; 11 Ohio St. 99; 8 Ohio St. 285; 28 W. Va. 289.

HOLT, PRESIDENT :

The Circuit Court of Cabell county, on petition of J. S. Farr and others, by order entered on the 31st day of July, 1893, directed a certificate of incorporation to be issued of a part of Guyandotte district as a town by the name of Central City, from which order B. D. Elder and others obtained this writ of error.

In 1872, the organization of many parts of the state into municipal corporations, for the purpose of local self-govern-

ment had become a matter of frequent and urgent necessity.
The framers of the constitution thought that this need in the
great majority of cases could be met more efficiently and im-
partially by a general law than by a great multitude of spe-
cial enactments; hence section thirty nine of article six of
the constitution prescribes that the legislature shall not
pass special laws incorporating cities, towns or villages, or
amending the charter of any city, town or village, containing
a population less than two thousand, but shall provide for
the same by general law.   Thereupon the legislature enact-
ed chapter forty seven of the Code—see Code, p. 421 (Ed.
1891)—which provides that any part of any district or dis-
tricts not included within any incorporated town, village, or
city, and containing a resident population of not less than
one hundred persons, and if it shall include within its boun-
daries a territory of not less than one quarter of one square
mile in extent, may be incorporated as a city, town, or vil-
lage, under the provisions of this chapter.   It then provides
that an accurate survey and map shall be made of the terri-
tory; that a census of the resident population shall be taken;
public notice thereof be given that application will be made
to the Circuit Court for a certificate of incorporation; and
that the question will be, at a named time and place, sub-
mitted to the vote of the qualified resident voters; and upon
filing a proper certificate, and upon satisfactory proof that a
majority of all the qualified voters residing within such
boundary have voted in favor of such incorporation, and that
all the provisions of the law have been complied with, the
Circuit Court shall by an order entered of record direct the
clerk of said court to issue a certificate of incorporation of
such city, town, or village in form or in substance as follows
(giving the form).   The statute then proceeds to prescribe
the various powers and duties of such municipal corpora-
tion.

This statute itself erects the local body of citizens into a
municipal corporation upon their bringing themselves with-
in its provisions and upon complying with its terms, all of
which are specific and fixed therein (see Thomp. Corp. § 110
*et seq.*); and whether the facts thus required exist in the par-

ticular case the Circuit Court, after due notice to all concerned and an opportunity to be heard against the application, ascertains and determines. This is, at least, an administrative or *quasi* judicial function, which the Circuit Court may be authorized to perform. See latter clause of section twelve, article eight, Const.

This Court has already held the statute in question to be constitutional (see *In re town of Union Mines*, 39 W. Va. 179 (19 S. E. Rep. 398); and, no other objection being made or discussed, the judgment complained of, ought to be affirmed, as a constitutional question is involved; but the majority of the court being of opinion that the matter is only administrative, and that this Court has no jurisdiction in a matter merely *quasi* judicial, the writ of error must be dismissed as improvidently awarded.