# CHARLESTON.

Roby, Mayor, *et al. v.* Sheppard, Mayor, *et al.*

Submitted June 19, 1896—Decided Nov. 13, 1896.

1. Constitutional Law—Muncipal Corporations—Amendment of Town Charters.

A statute amending the charter of a town containing upwards of two thousand population, which takes from another town of less population than two thousand some of its territory, is not a special act amending the charter of a town of less population than two thousand prohibited by section 39, art. VI, of the Constitution.

2. Titles of Acts—Amendatory Acts.

In the case of a statute amendatory of a prior one, where the question is whether the object is sufficiently expressed in the title, it is unnecessary to inquire whether the title of the amendatory statute be in itself sufficiently expressive of such object, if the title of the first act be sufficient to embrace the matters contained in the amendatory act. As to the title of acts amending the Code, see opinion.

3. Titles of Acts--Amendatory Acts—Original Acts.

The matters of an amendatory act, as is the rule as to the title and matters of an original act, in order to come under the title of an original act, must not be foreign to that title. Such matters, though they may be of diverse nature, must be such as can be regarded as only in furtherance and execution of the object expressed in the title, and congruous and germane thereto by reason of having some natural relation to the subject expressed in the title. The Constitution is to be liberally construed, so as to sustain the validity of the act, if possible.

4. Titles of Acts—Constitutional Law—Amendments by Implication.

A statute amending another by mere implication is not within section 30, art. VI, of the Constitution, and need not refer to the statute it so amends either in its title or body, so its title be sufficient to cover its own matters.

5. Amendment of Town Charters—Constitutional Law.

The legislature has power to take from one municipal corporation some of its territory and include it within another, without

the consent of either, if the act be not objectionable under section 39, art. VI, of the Constitution, as a special act.

6. AMENDMENT OF TOWN CHARTERS—CONSTITUTIONAL LAW—
    PRESUMPTION OF ANTECEDENT FACTS.

    The legislature having passed an act amending the charter of a town, on a claim that it is unconstitutional as a special act, it will be presumed that the town contains over two thousand population, until the contrary is shown.

7. CONSTITUTIONAL LAW—PRESUMPTION IN FAVOR OF CONSTITU-
    TIONALITY OF STATUTE.

    If a legislative act may, or may not be, constitutional, according to the existence or non-existence of certain facts, courts are bound to presume the existence of those facts *prima facie* to give validity to the act.

W. W. ARNETT for appellants, cited Const. Art. VI. ss. 30, 39.

CALDWELL & CALDWELL for appellee, cited Const. Art. VI. s. 39; Anderson Law Dict. "Statutes;" 1 Black. Comm. 87-91; 15 Am. & Eng. Enc. Law, 1008, 1009; Code, c. 47, s. 9; 39 W. Va. 179; 32 W. Va. 295; 32 Ind. 322; 46 Ind. 355; 50 Ind. 46; 92 Ind. 236; 107 Ind. 15; Cooley, Con. Lim. (6th Ed.) 201, 216, 152, note; 3 Am. & Eng. Enc. Law, 967, 968; 27 W. Va. 202; 16 Pick. 97; 16 Gray, 422, 423; 8 W. Va. 720, 612; 6 W. Va. 569.

BRANNON, JUDGE:

When he dissolved the injunction in this case, Judge Paull, of the Circuit Court of Ohio county, handed to the counsel concerned the following opinion in writing, correctly stating the law of the case: "This is a suit brought by the plaintiffs, as citizens of the town of McMechen, to enjoin the mayor and sergeant of the city of Benwood from collecting taxes assessed against them by the said city. On the 11th day of February, 1895, the town of McMechen, which contains a population of less than two thousand, obtained certificate of incorporation through the circuit court of Marshall, under the provisions of chapter 47 of the Code. On the 22d day of February, 1895, the legislature of West Virginia passed an act (chapter 63, Acts 1895) amending the charter of the city of Benwood, and extending its corporate limits by annexing thereto a tract of land, known

as the 'Cherokee Strip,' which constituted a part of the territory included within the boundaries of the town of Mc-Mechen. The plaintiffs claim that so much of this act as extends the corporate limits of the city of Benwood, as aforesaid, is, in effect, a special law amending the charter of the town of McMechen, and therefore void, as being in conflict with section 39 of article VI of the Constitution, which declares that the legislature shall not pass local or special laws incorporating cities, towns or villages, or amending the charter of any city, town or village containing a population of less than two thousand; but that it shall provide for the same by general law.

"In *Hornbrook* v. *Town of Elm Grove*, 40 W. Va. 543 (21 S. E. Rep. 851) Judge Brannon in delivering the opinion of the court, on page 854, says that the object of this constitutional provision 'was to prevent multitudinous special acts creating or amending municipal charters consuming the time of the legislature.'

"In *Elder* v. *Incorporators of Central City*, 40 W. Va. 222 (21 S. E. Rep. 738) Judge Holt, in speaking of this same provision says: 'In 1872 the organization of many parts of the state into municipal corporations, for the purpose of local self-government, had become a matter of frequent and urgent necessity. The framers of the Constitution thought that this need in the great majority of the cases could be met more efficiently and impartially by a general law than by a great multitude of special enactments;' and hence the adoption of section 39 aforesaid. It will thus be seen that the act under consideration, which is an act to amend the charter of a city containing a population of more (not less) than two thousand, does not come within the object, and therefore does not give rise to any of the evils which it was the design of this constitutional provision to avert. Nor does it expressly amend, or in any manner refer to, the charter of the town of McMechen. Its indirect effect, it is true, is to detach a portion of the territory included within the corporate limits of McMechen, and annex it to Benwood. But that does not constitute an amendment of the charter of McMechen according to the natural and ordinary meaning of the term, which, it must be presumed, was the mean-

ing employed by the framers of the Constitution. Cooley, Const. Lim. 588. Again, in 1 Beach, Pub. Corp. § 397, it is said: 'The power to divide large municipalities, to annul their old charters, and to reorganize them, and to consolidate small ones, as well as to detach portions of territory from one and annex it to another, to meet the wishes of its residents, or to promote the public interests, as understood by it, is conceded to the legislature. This power is full, in the absence of constitutional restriction.' Now, in this state there is an entire absence of any express constitutional restriction upon the power of the legislature over cities like Benwood, which have been incorporated by a special law, and which contain a population of more than two thousand, and section 39 aforesaid can not, it seems to me, when construed according to its manifest spirit and meaning (*Lehman* v. *Mc-Bride*, 15 Ohio St. 592) be held to impose any implied restriction upon such powers. In *Mackin* v. *County Court*, 38 W. Va. 338, 349 (18 S. E. 632, 636) it is said: 'Courts can not too often repeat, what has been so often stated, that it seems threadbare that all courts, while they must defend the Constitution, and the rights of the people under it, even against the legislature, yet in so doing they must move with the most solemn caution, resolve all doubts in favor of the act, and never, except where the act is very plainly and palpably and beyond doubt violative of the constitution, overthrow an act of the legislature.' For the reasons above stated, I am of the opinion that no portion of the act amending the charter of the city of Benwood is plainly, palpably, and beyond doubt violative of section 39 of article VI of the Constitution. I am also of the opinion that no portion of this act is void by reason of any conflict with section 30 of article VI of the constitution. *Com.* v. *Brown* (Va.) ¡21 S. E. 357, 361, and *State* v. *Mines*, 38 W. Va. 125, 138 (18 S. E. 470). The constitutionality of the said act must therefore be sustained."

As to the claim that the object of the act is to amend the charter of McMechen, and that, as this is not expressed in the title, it is unconstitutional, it may be proper, in view of the frequent recurrence of this question in the legislature and the courts, in addition to what is said in the opinion

which I prepared in *State* v. *Mines*, 38 W. Va. 125, 137 (18 S. E. 470) to say that the act in question very definitely states in its title that it is an act to amend and re-enact a former act to incorporate the city of Benwood, as amended by other acts specified. Turning, then, to the first act, I find its title to be, "An act to incorporate the city of Benwood in the county of Marshall." Acts 1882, p. 83. Now, can it be contended that the new territory added to Benwood by the act of 1895 could not have been put into its boundary by the act of original incorporation? I think not. If so, then it comes under the legal rule that, if the title of the first act is broad enough to cover the matters embraced by the amendatory act, it is unnecessary to inquire whether the title of the amendatory act would itself be sufficient, for, if the title of the first act is broad enough to have covered the new matters of the amendatory act, it is enough, even though the title of the amendatory act be not broad enough. So I stated in the opinion in *State* v. *Mines, supra*. So I find the doctrine held in *Heath* v. *Johnson*, 36 W. Va. 782 (15 S. E. 980) and in *Brown's Case*, 91 Va. 762 (21 S. E. 357)—the Virginia constitution, as to this, being like ours. This Virginia case contains a valuable discussion of the subject. Much of our legislation is merely amendatory of the Code, the title referring to it by the chapter and section amended and re-enacted. In *State* v. *Mines supra*, the opinion is expressed that this is a sufficient designation of the object of the act, and this opinion is confirmed by *Brown's Case*, 91 Va. 762 (21 S. E. 357). Where an act amending a certain chapter and section or sections of the Code, or any other act, in its title refers to the chapter and section or sections of the Code or the act amended specifically, that is sufficient, so far as it concerns the requirement that the object shall be expressed in the title. Of course the new matters brought in by the amendment must not be foreign to the subject of the prior legislation, but congruous and germane to such prior legislation, such as might have been put into that legislation under the original title, in the case of a separate act, or in the code chapter when first made; for, if foreign to the prior legislation, it would violate that clause in the Constitution saying

that an act shall have but one object. As it would then be another object, it would call for a distinct original act. See opinions in *State* v. *Mines* and *Brown's Case, supra.* It may contain various provisions of diverse nature, of course, and will almost invariably and unavoidably; but if they are only in furtherance of the object expressed in the title, they are covered and justified by it. And observe, that the title of this act of 1895 is not to amend the charter of McMechen, but of Benwood. If it can be said to amend the charter of McMechen at all by merely taking from it some territory (which is doubtful) it does so only by implication, and where an amendment is only by implication arising from the inconsistency of the two acts, the constitutional clause in question does not apply at all, since in statutes amending others only by implication it is not essential that reference be made to them in any wise. *State* v. *Cain*, 8 W. Va. 720; Cooley, Const. Lim. 152. That would greatly clog and prejudice legislation. It is argued that, if the legislature may thus take from McMechen a part of its territory, and give it to Benwood, it may take all, and thus blot out McMechen, or annex Wheeling to the village of Fulton, or make Elk City swallow up Charleston. This case does not involve the power of the legislature to blot out municipal corporations; but where constitutional prohibition or restriction does not tie its hands, the legislature has power to change, modify, or destroy them at pleasure. 15 Am. & Eng. Enc. Law, 976. This power of supreme control includes plainly the power to enlarge or restrict from time to time, their territory. This can be done without the consent of the inhabitants taken in, and, of course, without the consent of the town affected. 15 Am. & Eng. Enc. Law, 1002, 1008, 1009; Dill Mun. Corp. § 185. "It is no objection to a statute or to an annexation under it, that a municipal corporation may be so annexed without the consent of its constituted authorities or inhabitants." *State* v. *City of Cincinnati* (Ohio Sup., March 26, 1895) 40 N. E. 508.

In this case, to sustain the act against the other charge of unconstitutionality (its being a special act) it has been assumed without proof that Benwood contains more than two

thousand population. We take special cognizance of this, as Judge Green said in *Moundsville* v. *Fountain*, 27 W. Va. 202. Full note on judicial notice, *Olive* v. *State* (Ala.) 4 Lawy. Rep. Ann. 33 (5 South. 653). *Bank* v. *Cheney*, 94 Ill. 430. And more plainly, after the legislature has passed such an act on the basis of a population warranting a special act, we would presume that fact to exist until he who asserts the unconstitutionality of the act for want of such population should show it. Cooley, Const. Lim. 201. If a legislative act may or may not be valid, according to circumstances, courts are bound by the plainest principles of exposition, as well as by a just deference to the legislature, to presume the existence of those circumstances which will give it validity. This presumption exists till the contrary be shown. *Lusher* v. *Scites*, 4 W. Va. 11; *Wellington* v. *Petitioners*, 16 Pick, 97; *Talbot* v. *Hudson*, 16 Gray, 422, 423.

Decree affirmed.