DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

DURING THE YEARS 1911 AND 1912.

---

## New Amsterdam Casualty Company, Appellant, v. William E. Salomon, Appellees.

### Gen. No. 15,842.

MUNICIPAL COURT—*for what costs cannot be taxed.* In cases of the first, second and third classes going to the Appellate Court from the Municipal Court in which judgments are recovered in the Appellate Court no amount whatever based upon the number of words in the original bill of exceptions can be taxed as costs against appellees or defendants in error.

Appeal from the Municipal Court of Chicago; the HON. WILLIAM N. COTTRELL, Judge, presiding. Heard in this court at the October term, 1909. Motion granted. Opinion filed December 21, 1911.

BULKLEY, GRAY & MORE, for appellant.

WHITMAN & HORNER, for appellee.

PER CURIAM. This is a motion to retax costs in the above entitled cause, in which an order reversing the judgment of the Municipal Court of Chicago and remanding the cause was entered in this court on November 2, 1911.

(437)

We think the motion must be granted. The right to costs is entirely statutory. It was unknown to the common law. Before the statute of June 15, 1887, entitled "An Act Concerning Fees and Costs," the Revised Statutes concerning Costs and concerning Fees considered together had been construed by the Supreme Court as providing that a charge for the *transcript* of the record, including the *transcript* of the bill of exceptions, where the bill was necessary to show the errors assigned, was properly taxable as costs in favor of appellant and against appellee in the Appellate Court when an appeal had been taken to that court and the judgment reversed; and as also providing that the charge so to be taxed as costs in counties of the second and third class, should be, whether the clerk of the court below had made the transcript and received the fee or had taken the transcript from the appellant and merely certified it without change, ten cents for each hundred words it contained, ten cents for each hundred words being the amount which the "Act concerning Fees and Salaries" of 1872 allowed clerks of the Circuit Courts in counties of the second class "for making up a complete record of proceedings and judgment," and in counties of the third class "for making and certifying a copy of any paper or record in any case or proceeding." See Meacham v. Steele et al., 94 Ill. 593, and Worcester National Bank v. Cheney, 94 Ill. 430.

In 1887 the law in this respect was clarified by an Act which provided that the clerk of a Circuit Court must take a transcript so prepared by appellant if it was offered, and could then charge only three cents per hundred words for comparing the transcript with the original papers; and also provided that in such case the appellant, if he were successful, could recover as costs ten cents, as before, for each hundred words in *the transcript*. This was the Act of June 15, 1887, entitled "An Act concerning Fees and Costs." The

evident intention was to lessen the burden on the parties litigant and prevent the clerks of the Circuit Court from insisting on making copies themselves at a cost to the parties of ten cents for each hundred words.

It will be observed that there was no provision for recovery of costs or charges for the securing or preparing of an original bill of exceptions, but only for the *transcript* or copy thereof, which would in every case have been necessary except for the proviso to the same act. That proviso is:

"Provided, that the parties to such appeal or writ of error may by agreement have the original bill of exceptions or certificate of evidence, instead of a copy, incorporated in such transcript of the record without paying or being liable to pay any fees or costs therefor."

From this proviso it is plain that it was not contemplated that the preparation of an original bill of exceptions should be made the basis of any cost recovery.

The practice of incorporating the original bills of exceptions in the record by agreement became naturally very common, and when the Municipal Court Act of May 18, 1905, was passed, it was provided that in cases of the 1st, 2nd and 3rd classes the original bill of exceptions, in lieu of a certified copy thereof, should be inserted in the transcript of the record to be filed in the Appellate Court, and there was nothing said about costs or fees in connection therewith. The plain effect is, we think, that no recovery of costs can be had for it as a part of the record.

By amendment to the 56th Section, approved June 3, 1907, it was enacted that all costs not otherwise expressly provided for "shall be the same as the costs provided by law in cases in the Circuit Court of Cook county," but this does not affect the question raised by this motion.

We see no warrant for taxing as costs against ap-

pellees or defendants in error in cases of the first, second and third classes, coming to this court from the Municipal Court, and in which judgments are here recovered, any amount whatever based on the number of words in the original bill of exceptions. Ten cents for each hundred words were so erroneously taxed in the case at bar, and the motion to retax is granted.

This opinion has no reference to costs in fourth and fifth class cases, in which it is provided by section 23 of the Municipal Court Act as amended, that the "expense of procuring" the stenographic reports provided for in that section "shall be taxed as a part of the costs in the Supreme or Appellate Court, as the case may be."

The execution heretofore issued in this cause is recalled.

*Motion granted.*