# CHARLESTON.

KIMBALL *et al. v.* LOUGHNEY *et al.*

Submitted March 22, 1912. Decided April 23, 1912.

1. STATUTES—*Repeal by Implication.*
   Repeal of a statute by implication is not favored in law. (p. 767).

2. SAME—*Repeal—General and Special Laws.*
   A general statute should not be construed as repealing a special law, unless by express words, or the words employed, manifest a plain intention to do so. (p. 767).

3. CONSTITUTIONAL LAW—*Validity of Statutes—Construction in Favor of Constitutionality.*
   Courts will sustain an act of the legislature as constitutional, unless it clearly contravenes some provision of the organic law. (p. 768).

4. STATUTES—*Amendment—Reference to Former Act.*
   Section 11 of the charter act of the City of Sistersville, otherwise complete in itself, passed in 1899, but which adopts by reference only, as a method or mode for conducting municipal

elections, the general election law in force March 10, 1891,
which latter act was an the following day amended and re-en-
acted, is not void, as contravening section 30, Art. 6 of the Con-
stitution, providing that "no law shall be revived, or amended,
by a reference to its title only," &c., although by section 85 of
such general law as amended it is provided that "every munici-
pal election shall be held in conformity with the provisions of
this act."   (p. 768.)

Original proceeding in *mandamus* by Charles N. Kimball and
others against J. T. Loughney, Mayor of the City of Sistersville,
and others.

*Writ Denied.*

*E. L. Robinson* and *Charles N. Kimball,* for petitioners.

*Townsend & Bock* and *J. B. Handlan,* for respondents.

MILLER, JUDGE:

The alternative writ of *mandamus* awarded petitioners, citi-
zens, taxpayers, and qualified voters of the City of Sistersville,
and nominees of the Citizens Party, respectively, for mayor,
clerk and treasurer, and two of them for auditors, commanded
defendants, mayor, city clerk, and members of the city council,
forthwith to appoint certain persons alleged to have been nomi-
nated to said council by the executive committee of said party,
commissioners and challengers of the municipal election to be
held in said city on March 28, 1912, or appear and show cause
on a day named why they had not done so.

Petitioners, as their petition alleges and the writ recites, base
their claim of right to the peremptory writ on sections 7, 85 and
93, chapter 3, Code 1906; and it is conceded that if this general
law of the state is applicable to municipal elections in said city,
petitioners are entitled to the peremptory writ, otherwise not.

Section 7 of said act relates to the appointment by the county
court, on the nomination of the county chairmen of the two lead-
ing political parties, of commissioners of election, their power
to administer oaths and take affidavits, and imposes punishment
for perjury; section 93 to the appointment by said court, on
like nomination, of challengers of election, and prescribes certain
duties of the clerk of the court in relation to election.   By
section 85, "Every municipal election shall be held in conformity

with the provisions of this act", except that the duties therein required of the county and circuit court and its officers are to be performed by the city or town council and its officers.

Respondents in their return, however, deny the applicability of the general law to municipal elections in the City of Sistersville. They contend that such municipal elections are governed by chapter 4, Acts of the Legislature of 1899, entitled "An act to amend and re-enact and to reduce into one Act, the several Acts incorporating the town of Sistersville, in the County of Tyler; defining the powers thereof, and describing the limits of said town; and incorporating the city of Sistersville, in said Tyler County." Section 11 of that act, which if a valid enactment, must control, provides, among other things, that "The elections in said city shall be held and conducted and the result thereof certified, returned and finally determined, under the laws in force in this State, relating to general elections, on the tenth day of March, eighteen hundred and ninety-one", the corporate authorities to perform the duties in relation to such elections required by the general law of county courts and officers.

Two points are made against the validity of this charter law, first, that the general law in force on March 10, 1891, was on March 11, 1891 amended and re-enacted, and that the new act constitutes one comprehensive statute, and was intended to cover all elections by the people, including municipal elections, thereby repealing, if not in express words, by implication, the provisions of the law in force on March 10, 1891, which are inconsistent or repugnant to the new act; second, that whether or not the first proposition be true, said section 11 of the charter act of 1899, which by reference only, undertakes to make the general law in force March 10, 1891, the law controlling the municipal elections, is unconstitutional and void, being in contravention of section 30, Article VI. of the Constitution, which provides: "No law shall be revived, or amended, by a reference to its title only; but the law revived, or the section amended, shall be inserted at large, in the new act."

The first point we think without merit. The general law enacted March 11, 1891, contains no repealing clause. Repeals by implication, as many times said by text writers and in judi-

cial decisions, are not favored. Besides it is familiar law that a general statute will never be construed as repealing a special act, unless by express words it does so, or the words employed in the general law leave no doubt of the intention of the legislature. See cases collated in 12 Ency. Dig. Va. & W. Va. Rep. 780-781. This point, however, does not seem to be seriously relied upon.

The second is the real point of contention. Is section 11 of the charter act repugnant to the constitutional provision invoked against it? True it is that at the time of the charter act in 1899, the general law in force on March 10, 1891, had been amended and re-enacted, and in so far as inconsistent with or repugnant to the amending act was thereby repealed. "The courts should sustain legislative action when not clearly satisfied of its invalidity; and unless it clearly appears that it is contrariant to the constitution then there is reasonable doubt of its invalidity, and it should be sustained and enforced." *Bridges* v. *Shallcross,* 6 W. Va. 562, 574; *Slack* v. *Jacob,* 8 W. Va. 612; *Bridge Co.* v. *County Court,* 41 W. Va. 658; *Mackin* v. *County Court,* 38 W. Va. 338; *Roby* v. *Sheppard,* 42 W. Va. 286; *Duncan* v. *B. & O. R. R. Co.,* 68 W. Va. 293.

The provision of the constitution is, "no law shall be revived, or amended, by reference to its title only." It is not claimed that section 11 of the charter act is a revival or an amendment by reference to its title of the general law in force on March 10, 1891. Of course its provisions are, by the charter reference, made applicable to municipal elections in the City of Sistersville, and so far as repealed by the act of March 11, 1891, the charter act operated by adoption as a revivor for municipal purposes, but the charter act in no sense revived or amended the general law; it amounted to revival only in this limited sense, and not to the extent we think which the constitution was intended to prohibit. *Shields* v. *Bennett,* 8 W. Va. 74, much relied upon by respondents, involved a general law. The point we have here was not involved or decided in that case, and it can have only general application. And *Lehman* v. *McBride,* 15 Ohio 602, and other cases cited and relied upon will be found on examination to be cases of like character.

Besides, section 11 of said charter act does more than merely

refer to the former general law of elections. It provides that the election shall be by ballot, that the voter shall be left free to vote by open or secret ballot as he may elect. Other sections of the statute provide what officers of the municipality shall be elected under the charter. Section 11 simply adopts by reference the prior general law and prescribes it as the mode or method of conducting elections. The old and more simple method of conducting elections was for some reason preferred to the more cumbersome or Australian ballot law, provided by the subsequent general act. Reference statutes of this kind are frequently resorted to; many of them will be found in our own code. It is done where not specifically inhibited by the organic law to avoid encumbering legislation with unnecessary prolixity. "It is generally held that if an act is complete in itself, it may adopt rules of construction or modes of procedure for carrying out its provisions by reference to other statutes, whether or not this provision is contained in the constitution; and such adoption by reference may include references to local as well as general laws. Statutes of this character are known as reference statutes." 26 Am. & Eng. Ency. Law 711. In *Schwenke* v. *Union D. & R. R. Co.*, 7 Colo. 512, it is held, that "A local and special statute, which adopts, by reference, provisions relating to procedure from an existing general law, is not necessarily abrogated or affected by the subsequent repeal of the act containing the provisions adopted." Speaking of the act involved in that case, the court at page 514 says: "This act is not, as claimed, an amendment of the law of 1844; it is 'An act for the relief of the citizens of Denver, in the territory of Colorado.' It is local and special; it was intended to relieve the inhabitants of a particular locality from an inconvenience or disability existing under the general law, and confer upon them certain privileges not bestowed thereby. This important and controlling purpose was attained by the very language of the statute itself; so far it was in no way dependent upon the general town site law of 1844."

In New Jersey one of the provisions of the constitution is: "No act shall be passed which shall provide that any existing law or any part thereof shall be made or deemed a part of the act, or which shall enact that any existing law or any part thereof

shall be applicable except by inserting it in such act." Notwithstanding this drastic provision of the constitution the supreme court of that state in *Campbell* v. *Board of Pharmacy,* 45 N. J. L. 241, held, that an act of the Legislature, complete and perfect in itself, and the purpose, meaning and full scope of which was apparent on its face, is not invalid, though it may provide for actions or means for carrying its provisions into effect by reference to a course of procedure established by other acts of the legislature. See also *Christie* v. *Bayonne,* 48 N. J. L. 407, 409. And the court in *Campbell* v. *Board, supra,* referring to this constitutional provision, at page 245, says: "The constitutional provision in question, and that which forbids the revival or amendment of a law by reference to its title only, were designed for the suppression of deceptive and fraudulent legislation, the purpose and meaning of which could not be discovered either by the legislature or the public without an examination of and a comparison with other statutes. Neither of these provisions were designed to obstruct or embarrass legislation. Both were intended only as a means to secure a fair and intelligent exercise of the law-making power." In the case of *In re Haynes,* 54 N. J. L. 6, it was held, that an act altering the mode of appointing a board of municipal officers, removing them from office, and which declared that the newly appointed officers should have the same statutory power, possessed by their predecessors, was not in conflict with the provision of the constitution referred to. And in *Bradley & Currier Co.* v. *Loving, Id.* 227, the second point of the syllabus is: "Nor is a clause declaring that a provision in an earlier law shall be applicable, without a recital of such provision, in all cases, unconstitutional." The point of the syllabus in that case was made applicable to a supplemental statute, which referred to the primary act for the purpose of defining its own subject.

But we have law still more applicable to the concrete case presented here. In 1 Lewis Sutherland on Stat. Const., section 242, it is said: "The constitutional provision now under consideration usually provides that no law shall be amended or revived by reference to its title, and requires the act revived to be set out and published at length. Few cases have arisen on this branch of the provision. It has been held that a repealed act is

not revived, in the constitutional sense, when its provisions are adopted by another act for the purposes of the latter act only." The principal case cited by Mr. Sutherland is, *State v. Green,* 36 Fla. 154, 18 So. 334. Point 9 of the syllabus in that case is a comprehensive statement of the facts, particularly applicable here: "The provision in section 152 of the act (chapter 4513, Acts 1895), that the first election thereunder should be held on the first Tuesday in June, 1895, and biennially thereafter on the same day, and that the election should be held under the general law governing state elections existing at the last state election, is not in conflict with the constitutional provision (section 16, art. 3) that no law shall be amended or revised by reference to its title only, but in such case the act as revised, or section as amended, shall be re-enacted and published at length." The contention in that case as in the case at bar, was, that the act in question sought to revive by reference only a prior act which had been repealed. The word in the Florida constitution is "revised", in our constitution "revived." In answer to this contention the court in that case at page 338 observes, "it was neither the purpose nor the effect of the act in question to amend or revive the election law in force at the preceding state election, but simply to adopt the provisions of that law as the rule for the government of the municipal election under the act."

Two other cases are cited by Mr. Sutherland in a foot note, namely, *Stewart v. State,* 100 Ala. 1, 13 So. 943, and *Miller v. Berry,* 101 Ala. 531, 14 So. 655. These decisions may appear to assert the contrary proposition, but if so they are not in accord with subsequent decisions of that court. The word in the constitution of that state, as in this state, is "revived." In *Railway Co. v. Land Co.,* 114 Ala. 70, the act in question provided that street railroad companies might condemn rights of way and take possession thereof on paying just compensation "in the same manner as now provided by law for taking private property for railroad and other public uses in article II, chapter 17, title 2, part 3 of the Code." It was held that this act was not interdicted by the provision of the constitution. The judge writing the opinion in that case was of a different opinion, he said, for reasons given by him in *Stewart v. Com.,* 82 Ala. 209, but his associates, upon the authority of *State v. Rogers,* 107 Ala. 444,

held the contrary. The doctrine of the latter case was re-affirmed by that court in *Cobb* v. *Vary*, 120 Ala. 263, holding, point one of the syllabus, that "An act of the legislature, which is in form original, and is in itself intelligible and complete, and does not, either in its title or in its body, appear to be revisory or amendatory of any existing law, is not within the inhibition of the constitution, that 'no law shall be revived, amended, or the provisions thereof extended or conferred by reference to the title only,' &c. (Const. Art. IV, § 2) ; and this is true where such act seeks to effectuate the rights conferred, by referring to certain sections of the Code as furnishing means necessary for their enforcement."

On a former day we denied the peremptory writ, we now file this opinion giving our reasons for doing so.

*Writ Denied.*