STATE OF WEST VIRGINIA

*v.*

CHARLES HINKLE

(No. 9859)

Submitted October 1, 1946. Decided December 10, 1946.

*Ira J. Partlow*, Attorney General, *Ralph M. Hiner*, Assistant Attorney General, and *Eston B. Stephenson*, Special Assistant Attorney General, for plaintiff in error.

*Lycurgus Hyre* and *Wm. T. George, Sr.*, for defendant in error.

HAYMOND, JUDGE:

The defendant, Charles Hinkle, was indicted for a felony by the grand jury which attended the Circuit Court of Upshur County, West Virginia, at the regular April Term, 1946, of that court. The indictment charges that the defendant, Charles Hinkle, "on the 21st day of January, A. D., One Thousand Nine Hundred and Forty Six, within one year next preceding the date of the finding of this indictment, in the said County of Upshur,

did unlawfully and feloniously have in his possession a large quantity of narcotic drugs, to-wit, a quantity of morphine and one lot and quantity of cocaine, the said Charles Hinkle not being then and there a licensed manufacturer, wholesaler, retailer, physician, dentist, veterinarian and without having an order or prescription therefor, against the peace and dignity of the State."

The defendant appeared and filed a written demurrer and moved to quash the indictment on the ground that it is fatally defective in failing to charge any intent upon his part to sell, give away, or otherwise dispose of the designated drugs. The Circuit Court sustained the demurrer and the motion to quash, dismissed the indictment, and discharged the defendant from further prosecution under it. To that judgment the State of West Virginia prosecutes this writ of error.

The pivotal question presented to this Court is whether the foregoing indictment charges an offense under any valid statute of this State. The defendant challenges the sufficiency of the indictment on the ground that the only applicable statute in force and effect at the time of the commission of the alleged offense is Section 7, Article 8, Chapter 16 of the Code of West Virginia, 1931. This statute was first enacted by the Legislature in 1911 and constituted Section 2 of Chapter 16 of the Acts of the Legislature, Regular Session, 1911. It was embraced in the Code of 1923 and it appears as Section 29c (2) of Chapter 150 of that Code. It has been carried into the official Code of 1931 as Section 7, Article 8, Chapter 16.

The portion of that statute, which is here involved, is couched in this language:

"If any person, except a licensed physician, dentist or veterinarian, manufacturing pharmacist or chemist, or wholesale or retail pharmacist or druggist, have in his possession cocaine, alpha or beta eucaine, opium, morphine, heroin, chloral hydrate, or any preparation or compound containing any of the foregoing drugs or substances, with intent to sell, give away or otherwise dispense the same, he

shall be guilty of a felony, and, upon conviction thereof, shall be confined in the penitentiary of this State not less than one nor more than ten years: * * *".

At its regular session, in 1935, the Legislature passed, as Chapter 46 of the acts of that session, an act which deals, in comprehensive manner, and in elaborate detail, with the subject of narcotic drugs. The title to that act reads:

"AN ACT to regulate and control the production, preparation, manufacture, possession, transportation, sale, disposition and use of coca leaves, cocaine, opium, morphine, codeine, herion, and any compound, manufacture, salt, derivative, mixture and preparation thereof or of either of them; to provide for the control and sale of cannabis, chloral and barbital; to provide for the issuance, suspension and revocation of licenses to produce, prepare, manufacture, sell, dispense and otherwise handle such drugs; to prescribe penalties for violations of this act, and to provide that this act may be designated and cited as the 'Uniform Narcotic Drug Act'."

The act contained twenty-eight sections. Section 2 provides that "No person shall manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this act."

Section 23 specifies punishment for the first offense and for any subsequent offense for any person who violates any provision of the act. Section 26 requires the act to be so interpreted and construed as to effectuate its general purpose to make uniform the laws of the states which enact that legislation. Section 27 declares that all acts or parts of acts inconsistent with that act are thereby repealed. The final section, 28, provides that the act may be designated and cited as the Uniform Narcotic Drug Act.

At its regular session in 1939, the Legislature, by Chapter 44 of the acts of that session, amended Sections

1, 3, 9 and 23, of Chapter 46, of the Acts of 1935, Regular Session, and reenacted a new Section 19, and added a new section designated as Section 29. This section contains the declaration that Chapter 46, Acts of the Legislature, Regular Session, 1935, be an amendment to Chapter 16 of the Code of West Virginia, 1931, and be designated as Article 8A of that chapter.

Section 23, as amended by Chapter 44 of the Acts of the Legislature, Regular Session, 1939, contains, in part, this language: "Any person violating the provisions of section two of this article shall be guilty of a felony, and upon conviction thereof shall be punished by a fine not exceeding one thousand dollars, or by imprisonment for not exceeding ten years in the penitentiary, or by both such fine and imprisonment."

The State contends that the enactment of the foregoing two statutes, in the circumstances outlined above, has resulted in the repeal of the earlier statute by the later act, and that the offense charged in the indictment exists under and by virtue of Chapter 46 of the Acts of the Legislature, Regular Session, 1935, as amended. The defendant controverts this contention and vigorously insists that the two statutes are not in such irreconcilable conflict as to operate to repeal the earlier statute by the later act, that they should be considered and construed together, and that, if so considered and construed, they do not create the offense of a felony as charged in the indictment.

To ascertain which of these two conflicting positions is correct, it is necessary to determine the purpose of the Legislature in enacting and amending the later statute. The Legislature is presumed to know of the existence and the effect of its prior enactments when it passes subsequent legislation. In the light of this presumption, the Legislature, in the exercise of its constitutional power, undertook to, and it did, enact the subsequent statute for the purpose of dealing with narcotic drugs in a comprehensive manner and of regulating the subject matter of the statute in specific and minute particulars

and in painstaking detail. The later statute manifestly so treats and deals with the identical subject matter of the former statute and contains additional provisions. Two statutes, each of a general nature, and each dealing with the same subject, are here involved. It is manifest, however, that the later statute deals with the subject in a much more comprehensive and detailed manner than does the earlier statute.

That repeal of a statute by implication is not favored in law, and that a statute is not considered to be repealed by implication, unless the repugnancy between the new provision and the former statute be plain and unavoidable, are settled rules of statutory construction in this jurisdiction, is not open to question. *Harbert* v. *County Court,* 129 W. Va. 54, 39 S. E. 2d 177; *Belknap* v. *Shock,* 125 W. Va. 385, 24 S. E. 2d 457; *Kimball v. Loughney,* 70 W. Va. 765, 74 S. E. 953.

Attention has been directed to the language of Section 27 of the later act, which provides that: "All acts or parts of acts which are inconsistent with the provisions of this act are hereby repealed." These words, however, are not sufficient, of themselves, to effect the repeal of a prior statute which deals with a particular subject, unless there arises actual and destructive inconsistency between the two enactments. *Harbert* v. *County Court,* 129 W. Va. 54, 39 S. E. 2d 177; *Clemans* v. *Board of Education,* 68 W. Va. 298, 69 S. E. 808. It is, however, equally well established, by the decisions of this Court, and of the appellate courts of other jurisdictions, that a subsequent statute, which revises the whole subject matter of a former statute, and which was evidently intended as a substitute for it, necessarily operates to repeal the former law. *Herron* v. *Carson,* 26 W. Va. 62; *State* v. *Mines,* 38. W. Va. 125, 18 S. E. 470. A statute revising the whole subject matter of a former one, becomes, by reason of its scope and purpose, to the full extent of the terms used and necessarily implied, the exclusive rule and law, governing the subject, and is, therefore, a substitute for a former statute, and repeals such part of the former

statute as is inconsistent with the new act, and is not a mere amendatory act which adds to or detracts from the former law. *State* v. *Harden,* 62 W. Va. 313, 58 S .E. 715, 60 S. E. 394. Here the purpose of the Legislature, to substitute the later act for the earlier statute, dealing with the same subject, clearly appears. The title to the later act manifestly so indicates; and Section 28 expressly provides that the statute may be designated and cited as the Uniform Narcotic Drug Act. The new act also, in effect, in Section 26, directs that it shall be interpreted and construed to effectuate its general purpose to make it the uniform law of this State and of the other states which should also enact it.

The legislation enacted by Chapter 46 of the Acts of the Legislature of 1935, Regular Session, as amended, is generally known and referred to as the Uniform Narcotic Drug Act and has been adopted by a number of the other states of the union. The appellate courts, in at least two other states which have passed this statute, have held that the effect of the passage of the act by the Legislature is to repeal prior legislation dealing less comprehensively with the same subject. *Rich* v. *State* (Criminal Court of Appeals of Oklahoma), 66 P. 2d 950; *State* v. *Economy,* 61 Nev. 394, 130 P. 2d 264. It is the conclusion of this court that the enactment of Chapter 46, Acts of the Legislature of 1935, Regular Session, as amended by Chapter 44, Acts of the Legislature of 1939, Regular Session, designated as the Uniform Narcotic Drug Act, and which legislation is, by the Legislature, declared to be an amendment to Chapter 16 of the Code of West Virginia, 1931, and designated as Article 8A of that chapter, operated to repeal the earlier statute, which appears as Section 7, Article 8, Chapter 16 of that Code, and that the last mentioned section, after the later statute became effective, no longer exists as a valid (or enforceable statute) of this State. For that reason it can not be considered in *pari materia* with the later act. *State* v. *Harden,* 62 W. Va. 313, 58 S. E. 715, 60 S. E. 394.

The defendant cites and relies on the case of *State* v.

*Sutter,* 71 W. Va. 371, 76 S. E. 811, in support of his contention that the indictment in this proceeding is fatally defective because it does not charge intent upon the part of the defendant to sell, give away or otherwise dispose of the drugs specified in the indictment. In the opinion in that case, in discussing the count in an indictment upon which the accused was tried and convicted, and in expressing the view that the count was sufficient upon motion to quash, this Court uses this language:

"We think the motion to quash the second count was properly overruled. It is based on section 2 of chapter 16, Acts of 1911. The count charges that Sutter 'did unlawfully and feloniously have in his possession cocaine and mixtures containing cocaine, with intent then and there to sell, give away and dispense the same, the said Clare Sutter not being then and there a licensed manufacturing pharmacist or chemist, or a wholesale or retail druggist, nor a licensed physician, dentist or veterinary surgeon.' The motion suggested that the second count 'fails to negative various methods under the statute under which the defendant might have cocaine in his possession legally.' The count negatives the exceptions contained in the enacting clause. That conforms to the rule. The further provisions saying that the possession of cocaine, except under certain circumstances, shall be evidence of intent to sell, are not in the enacting clause, but relate to evidence on the trial. The latter exceptions need not be negatived in the indictment."

The point discussed in the quoted portion of the opinion was not incorporated in the syllabus to the *Sutter* case. That case was decided in 1912, long before the enactment of Chapter 46 of the Acts of the Legislature of 1935, Regular Session, as amended. Consequently it does not effect the question of the sufficiency of the indictment in this case.

It follows that the indictment, which omits the element of intent required by the earlier statute, sufficiently charges an offense under the pertinent Sections of Chapter 46 of the Acts of the Legislature of 1935, Regular

Session, as amended. These sections, quoted earlier in this opinion, are Section 2, which creates the offense, and Section 23, which designates its character and prescribes the punishment for its commission.

For the foregoing reasons, the judgment of the Circuit Court of Upshur County is reversed and set aside; and this proceeding is remanded to that court for further action in accordance with the principles stated and the views expressed in this opinion.

*Reversed and remanded*