JOSEPF K. CASTERTON, Individually and as Executor of THOMAS CASTERTON, Deceased, Respondent, *v.* THE TOWN OF VIENNA, Respondent.

THE TOWN OF VERONA, Appellant, Impleaded with Others.

· TAX — STATUTE AS TO PLACE OF TAXING FARM — WHEN SPECIAL STATUTE NOT REPEALED BY GENERAL LAW. The provisions of the special act (L. 1882, ch. 152, amd. L. 1883, ch. 21) providing that all real property within a town assessed or liable to be assessed at the time of issuing bonds in aid of the New York and Oswego Midland railroad, pursuant to chapter 398 of the Laws of 1866, should continue to be assessed therein until the bonds are paid, and, if the owner does not reside in the town, shall be assessed as non-resident land to any occupant actually residing in the town, are not repealed by the general law (L. 1886, ch. 315) providing for the taxation of a farm divided by a town line in the town where the occupant resides, and repealing all statutes inconsistent therewith, since the statutes do not relate to the same subject, the general act being part of the assessment and taxation system applicable to the entire state, while the special law is part of a system of local administration, for the retention of which there are very good reasons, notwithstanding the enactment of the general rule as to taxation of farms divided by a town line.

*Casterton* v. *Town of Vienna*, 17 App. Div. 94, affirmed.

(Argued May 3, 1900; decided June 12, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered April 24, 1897, reversing a judgment in favor of plaintiff and the town of Verona entered upon a decision of the court on trial at Special Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*W. A. Matteson* for appellant. The special statute was repealed by the general statute passed in 1886. (*People* v. *Jaehne*, 103 N. Y. 182; 2 R. S. [9th ed.] 1680.) The special act has no place upon the statute books, and the legislature must have intended to remove it, and to place the matter of taxing lands, divided by town lines, upon a just, harmonious

and equitable basis. (*People ex rel.* v. *Wilson*, 125 N. Y. 368; *Cromwell* v. *McLean*, 123 N. Y. 484; *Anderson* v. *Anderson*, 112 N. Y. 111; *People* v. *G. & S. T. Co.*, 98 N. Y. 75; *Heckmann* v. *Pinkney*, 81 N. Y. 211; *City of Buffalo* v. *Neal*, 67 N. Y. S. R. 115.)

*Howard C. Wiggins* for Town of Vienna, respondent. The amendment of the Revised Statutes in 1886 did not repeal the special acts regulating the assessment of lands in towns bonded in aid of the Midland railroad. (*People ex rel.* v. *Gilon*, 76 Hun, 346; *Smith* v. *People*, 47 N. Y. 330; *H. I. Foundry* v. *Sanders*, 77 Hun, 432; *Holmes* v. *Carley*, 31 N. Y. 289.) The repealing clause as to inconsistent legislation in the act of 1886 did not repeal the special statutes of 1882 and 1883. (*Aldinger* v. *Pugh*, 32 N. Y. S. R. 513.) Special statutes are not repealed by a statute general in its terms and application. (*McKenna* v. *Edmundstone*, 91 N. Y. 231; *People ex rel.* v. *Waring*, 73 N. Y. S. R. 222; *People ex rel.* v. *Keller*, 157 N. Y. 97; *Van Denburgh* v. *Vil. of Greenbush*, 66 N. Y. 1; *Matter of Comrs. Cent. Park*, 50 N. Y. 493; *B. C. Assn.* v. *City of Buffalo*, 118 N. Y. 61; *Aldinger* v. *Pugh*, 32 N. Y. S. R. 513; *Matter of D. & H. C. Co.*, 69 N. Y. 209; *James* v. *Sammis*, 132 N. Y. 239; *People ex rel.* v. *Bd. of Canvassers*, 60 N. Y. S. R. 467.)

*R. C. Briggs* for plaintiff, respondent.

BARTLETT, J. The plaintiff is the owner, for the purposes of taxation, of a farm consisting of two hundred and fifty-three acres; one hundred and seventy-four acres thereof are located in the town of Verona and the remaining seventy-nine acres in the town of Vienna. The dwelling house and all the farm buildings are in the town of Verona, where the tenant of the plaintiff resides and has resided for some time.

In the years 1891, 1892, 1893 and 1894 the farm, including the seventy-nine acres situated in the town of Vienna, was

47

assessed and taxed in the town of Verona. In two of said years prior to 1894 the plaintiff was compelled to pay the taxes on the seventy-nine acres in both towns.

This action is brought to relieve the plaintiff from double taxation and to determine his legal rights in the premises.

It is conceded that the plaintiff is entitled to relief as to one or the other of the defending towns.

The question to be determined is whether the town of Verona is entitled to tax the entire farm, including the seventy-nine acres located in the town of Vienna, or whether the latter town can levy a tax on so much of the farm as lies within its limits.

Under the Revised Laws passed in 1813 (Ch. 35, § 22) it was provided " that where any line of any town in this state shall intersect a farm, the possessor of such farm shall pay all his taxes for such farm in the town where his dwelling house shall be."

This statute, with immaterial amendments, continued to be the law of the state until 1872. (Laws of 1823, chap. 262, § 8; R. S. [1st ed.] p. 389, § 4; Laws 1871, chap. 287, which amended the Revised Statutes.)

Chapter 355 of the Laws of 1872 repealed Laws of 1871, chap. 287. This operated as an absolute repeal of the section already quoted under the rule that the repeal of an amendatory act does not revive the original. (*People ex rel. C. Nat. Bank* v. *Supervisors*, 67 N. Y. 109.)

In 1886 the legislature passed an act to amend the Revised Statutes, the sole object of which was to restore the section in question; section one reads as follows: " § 4: When the line between two towns, wards or counties divides a farm or lot, the same shall be taxed, if occupied, in the town, ward or county where the occupant resides; if unoccupied, each part shall be assessed in the town, ward, village or county where the same shall lie." The second section of the act reads: " All acts or parts of acts inconsistent with this act are hereby repealed." (Laws of 1886, chap. 315, page 506.)

It thus appears that for some fourteen years this section,

which prescribed the rule for taxing a farm lying in two towns, did not exist.

In 1866 (Chap. 398) an act was passed to facilitate the construction of the New York & Oswego Midland railroad, and to authorize towns to subscribe to the capital stock thereof. In pursuance of the provisions of this act, the town of Vienna was duly bonded in aid of the enterprise.

In 1882 (Chap. 152, page 187, as amended in 1883, chap. 21, page 17) the said act of 1866 was amended by adding a new section, which reads as follows: "§ 25. All real property within the corporate limits of any town, assessed or liable to be assessed upon the assessment roll of such town at the time of issuing bonds by said town pursuant to this act, and all acts amendatory thereof, shall continue to be assessed and assessable for all purposes whatsoever in said town until said bonds, or any renewals thereof, are fully paid; and if the owner of such real property does not reside within said town, then such real property shall be assessed as non-resident land or to any occupant of said real property actually residing within said town."

The object of this added section is very clear upon its face, to wit, that all the real property of the town, which was liable to be assessed at the time the bonds were issued, should so continue until they were paid. In other words, if a farm was situate in the town of Vienna and an adjacent town that it should not be possible for the owner, whose residence was in the town of Vienna, to change it to the other town, and thereby withdraw from taxation in the town of Vienna that portion of his farm within its limits.

We are thus brought to the main question in this case, to wit, whether chapter 315 of the Laws of 1886, which re-enacted the section already quoted, repealed section 25, added to the New York & Oswego Midland Railroad Bonding Act of 1866 by the legislation of the years 1882 and 1883, to which reference has been made.

The familiar rule is conceded by the learned counsel for the appellants, that a special statute providing for a particular

case, as applicable to a particular locality, is not repealed by a statute, general in its terms and application, unless the intention of the legislature to repeal or alter the special law is manifest, although the terms of the general act would, if strictly construed, but for the special law, include the case or cases provided for by it. (*Buffalo Cemetery Assn.* v. *City of Buffalo,* 118 N. Y. 61; *McKenna* v. *Edmundstone,* 91 N. Y. 231, 233; *Aldinger* v. *Pugh,* 32 N. Y. S. R. 513.)

It is contended, however, that this section is brought within certain exceptions to this general rule which were stated by this court in *People* v. *Jaehne* (103 N. Y. 182, 194). Judge ANDREWS, in delivering the opinion of the court, said: " It will be found, I think, on examining the cases in which the courts have held that a special law was not repealed by a subsequent general law on the same subject, that they are as a general rule cases where the legislature was not dealing directly with the subject of the prior law, and it was not in the mind of the legislature when the general law was enacted, or where the special law was part of a system of local administration, or where it was possible to assign a reasonable motive for retaining the special and peculiar provisions of the special act, notwithstanding the enactment of a subsequent general rule covering the same subject."

It is argued on behalf of the appellants that the case at bar falls within all three of the exceptions to the general rule above stated.

It is insisted that the special act (Laws 1883, chap. 21, § 25) dealt with the subject of a farm divided by a town line with the farm buildings in one town where the occupant resided, and it also dealt with the question of where a farm thus situated should be assessed.

It is further urged that the general law in question (Laws of 1886, chap. 315) dealt with the same subject. This contention cannot be maintained. The general law replaced a section that evidently had been inadvertently repealed and was a part of the assessment and taxation system applicable to the entire state.

The special act was amendatory of a bonding act in aid of a certain railroad and had for its object an entirely different purpose. The legislature were not dealing with the general tax laws of the state, but were seeking to protect certain towns bonded in aid of a particular railroad by keeping within their taxing power all the real property that was within their corporate limits at the time the bonds were issued until they were paid. This special law is manifestly a part of a system of local administration.

It is also apparent that there are very good reasons for retaining the special act notwithstanding the re-enactment of the subsequent general rule as to the taxation of farms divided by a town line.

Stress is laid upon the fact that the general act (Laws of 1886, chap. 315) contains the usual provision that all acts or parts of acts inconsistent with it are repealed. This section has no weight in view of the circumstances upon which we have commented. It is common to put it in all general acts by way of greater caution.

We have considered the additional points in the appellant's brief, but are satisfied that the Appellate Division was justified in reversing the judgment of the Special Term, which held that the portion of the farm in question lying within the limits of the town of Vienna was taxable in the town of Verona.

The special acts of 1882 and 1883 will remain in full force and effect until all the bonds issued by the town of Vienna in aid of the construction of the New York & Oswego Midland railroad are paid, unless sooner repealed by the legislature.

The judgment appealed from should be affirmed, with costs in all the courts in favor of the town of Vienna and of the plaintiff, to be paid by the town of Verona; a separate bill of costs to each party.

PARKER, Ch. J., GRAY, MARTIN, CULLEN and WERNER, JJ., concur; VANN, J., not sitting.

Judgment affirmed.