## Flynn v. Barnes, et al.

(Decided December 16, 1913).

### Appeal from Pulaski Circuit Court.

1.  Statutes—Act of March 16, 1906.—The act approved March 16, 1906, takes the place of section 4425, Kentucky Statutes, and no part of that section as it then stood is now in force, the act showing on its face an intention to substitute the new act for the old and no part of the old act being republished in the new.

2.  Pleading—Schools and School Districts.—It is only necessary in a pleading that the plaintiff shall state facts showing a prima facie case and where the plaintiff shows that he was examined by the school board, it will be presumed that the officers did their duty, and that he was sworn before he was examined as required by the statute.

3.  Schools and School Districts—Refusal of Certificate—When Mandamus to Compel Issuance Will Lie.—The school board must act on reasonable grounds in refusing a certificate and if they refuse a certificate without reasonable grounds to believe that the applicants had access to the examination papers, a mandamus will lie.

WESLEY & BROWN for appellant.

O. H. WADDLE & SONS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON —Reversing.

Luther M. Flynn brought this action against W. J. Barnes, Bruce Hale, and W. G. Cundiff, the county

board of examiners for Pulaski County, to obtain a mandamus requiring them to issue to him a teacher's certificate. He alleged in his petition in substance that on the third Saturday in June, 1911, the board met for the purpose of examining applicants for certificates to teach in the common schools of Pulaski County; and did conduct the examination. At that time he was more than 18 years of age, possessed an unexceptional moral character, had the requisite qualifications to enter said examination and receive a certificate; that the board examined and graded the answers he made to the questions propounded, and that he made and the board ascertained and determined that he made an average grade of more than 85 per cent in all the subjects of the common school course, and that his lowest grade was more than 65 per cent; that this result entitled him to a county certificate of the first class; but that the defendants wrongfully and illegally refused to issue him any certificate. The circuit court sustained a demurrer to his petition. He then filed an amendment by which he alleged that at the time he was examined he did not, and does not now, indulge in drunkenness, profanity, gambling or licentiousness, and had had no improper or any access to the examination papers to be used in the examination; and that the refusal of the defendants to grant him a certificate was arbitrary and wrongful. The defendants refiled their demurrer to the petition as amended, and it was sustained by the court. The plaintiff then filed a second amended petition in which he alleged that the defendants had no reasonable grounds to believe and did not reasonably believe that he had improper or any access to the papers to be, and that were, used on the examination mentioned; but that the refusal to issue him the certificate was wanton and malicious. The defendants demurred to the petition as thus amended; the demurrer was sustained; and the plaintiff failing to plead further, his action was dismissed. He appeals.

The defendants rely upon the following provision of section 4425 in the 1903 edition of Carroll's Kentucky Statutes:

"The said examiners shall not examine any applicant until they are fully satisfied that said applicant possesses an exceptionally moral character, and is of the age herein prescribed; and, in no event, shall a certificate be granted to any person who indulges in

drunkenness, profanity, gambling or licentiousness, or who, within the belief of the examiners, has had improper access to the examination questions."

It is insisted for the defendants that this statute is in force and that the petition does not show that the plaintiff had not within the belief of the examiners had improper access to the examination questions. The first question to be determined is, is this provision now in force?

The Act approved March 16, 1906, is in these words:

"An Act to amend section four thousand four hundred and twenty-five of the Kentucky Statutes relative to the examination of teachers for county and State certificates and State diplomas.

"Be it enacted by the General Assembly of the Commonwealth of Kentucky:

"1. That section four thousand four hundred and twenty-five of the Kentucky Statutes, relative to the examination of teachers for county and State certificates and State diplomas, be amended to read as follows:

"Section four thousand four hundred and twenty-five. All applicants for teachers' county and State certificates, or State diplomas, in the Commonwealth of Kentucky, immediately before entering upon examination shall subscribe to the following oath, which shall be presented to them by any of the Board of Examiners, viz: I do solemnly swear (or affirm) that I have not had access, directly or indirectly, to the State Board or other questions to be used in this examination, and that I have no personal knowledge of any unlawful usage of the aforesaid questions by any other person or persons, which knowledge I have not communicated to the grand jury, county attorney or county superintendent of schools of the county in which the aforesaid person or persons did unlawfully use or attempt to use said questions.

"2. The Superintendent of Public Instruction shall furnish each county superintendent in the Commonwealth with a sufficient number of copies of the oath prescribed in this act, printed on sheets with blank space below for names and addresses of applicants. Each copy, after being subscribed to by applicants as provided in this act, shall be dated and signed officially by the Board of Examiners and preserved in the office of the

Superintendent of Public Instruction or county superintendent of common schools as a public record.

"3. Any Superintendent of Public Instruction or county superintendent of common schools or board of examiners for teachers' county or State certificates or State diplomas failing to comply with the provisions of the act shall be guilty of a misdemeanor and, upon conviction thereof, shall be fined in a sum not less than fifty dollars nor more than one hundred dollars for each offense.

"4. That the provisions of this act shall become operative at as early a date as possible, an emergency is declared to exist and therefore this act shall take effect from and after its passage and approval by the Governor."

Section 51 of the Constitution, among other things, provides:

"No law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred shall be re-enacted and published at length."

No part of section 4425, as it then stood, is re-enacted or published at length; and therefore the act of March 16, 1906, cannot be considered an addition to section 4425 as it then stood; for to so construe it would be to make the act unconstitutional, and the rule is that a construction which will uphold an act is to be preferred to one than would render it void. In addition to this the act of March 16, 1906, shows on its face an intention not to add words to the existing section, but to change the section so as to make it read as therein set out; for it provides that the section "be amended to read as follows:"; and after this come the words "section four thousand four hundred and twenty-five;" and following these words are the provisions, which as the act provides, shall constitute section 4425. We are, therefore, of the opinion that this act is now the whole of section 4425 and that the provision relied on in the old act which is not incorporated in the new act is no longer in force.

It may be that the Legislature did not intend to repeal all of section 4425 as it then stood, and that the act as written does not accord with the real intention of the Legislature, but we cannot go behind the language of the

act. If a mistake has been made, the legislature must supply the remedy.

We are also of the opinion that under the original act the board of examiners had not arbitrary power to refuse a certificate and that to justify them in refusing a certificate upon the ground that they believed that the applicant had had access to the examination questions, they must have reasonable grounds for such belief. Under section 7 of the Constitution, arbitrary power can exist in no officer of the State. The statute must be construed with reference to the provisions of the Constitution. If the board had reasonable grounds for its action, that is, such grounds as a man of ordinary prudence would act upon, their discretion can not be controlled; but if they had not reasonable grounds for their action, it was arbitrary, and they may be required by mandamus to perform a ministerial duty. ·

It is also insisted for the appellees that the petition does not show that before entering upon the examination, the plaintiff subscribed the oath required by section 4425. But it does appear from the petition that he was admitted to the examination by the board of examiners, and was examined. It must be presumed that they did their duty, and did not improperly admit him to the examination. It was the duty of the board to present to all applicants the oath to be subscribed by them before entering upon the examination. It was only required of the plaintiff to state in his petition facts making out a prima facie case in his favor.

"Another rule of pleading is that matters which should more properly come from the other side need not be stated; in other words, it will be sufficient for each party to make out his case. It is enough if the facts stated by the plaintiff show a prima facie cause of action. He is not bound to anticipate; and is not, therefore, compelled to notice and remove in his petition every possible exception, answer or objection which may exist, and with which the defendant may intend to oppose him." (Newman on Pleading, section 212.)

Judgment reversed and cause remanded for further proceedings consistent herewith.