# Commonwealth, Appellant, *v.* City of Pottsville.

*Statutes—Construction—Repeal—Subsequent statute — Statutes passed at same session of legislature—Presumption against repeal—Repealing clause—Amending statutes—Act of April 10, 1905, P. L. 127; May 23, 1889, P. L. 277; May 28, 1907, P. L. 268; April 15, 1907, P. L. 66—Boroughs—Election—Incorporation of third class city.*

1. Where two acts are passed at the same session of the legislature, the presumption is strong against implied repeal, and effect must be given to each, if possible.

2. The usual legislative phrase that all acts and parts of acts inconsistent with the act passed are repealed, is only ex majore cautela, for such would be the effect without such a clause, and the question as to what acts are inconsistent is still left open.

3. The Act of May 28, 1907, P. L. 268, was intended as an amendment of the Act of April 10, 1905, P. L. 127, which was itself an amendment of the Act of May 23, 1889, P. L. 277, providing for the incorporation and government of cities of the third class, and not as a repeal of the Act of April 15, 1907, P. L. 66. which was passed at the same session of the legislature. The legislature of 1907 intended to amend the Act of April 10, 1905, P. L. 127, in two particulars: (1) in respect to providing another and perhaps additional tribunal to issue the order for holding the election, to determine whether a city of the third class shall be chartered, and (2) as regards the manner of voting, form of the

ballot, the computation of the returns and the certification of the same.

4. Where at a borough election a majority of the qualified electors of the borough voted in favor of incorporation as a city of the third class and all the preliminary steps were taken as provided by law and letters patent were issued by the governor, the court properly refused to strike down the charter in a proceeding instituted three years later in the name of the attorney general on the ground that the Court of Quarter Sessions had issued the order to hold the election as provided by the Act of April 15, 1907, P. L. 66, whereas it was contended that this order should have been issued by the borough council under the Act of May 28, 1907, P. L. 268.

Argued May 21, 1914.  Appeal, No. 8, May T., 1914, by plaintiff, from judgment of C. P. Dauphin Co., 1914, No. 2, Commonwealth Docket, for defendants, on demurrer in case of Commonwealth of Pennsylvania ex relatione, John C. Bell, Attorney General, v. City of Pottsville, a municipal corporation, F. Pierce Mortimer, mayor; Harry K. Portz, controller; Hugh Dolan, A. L. Eckert, James M. Shellhammer, Joseph H. Nichter, councilmen; and F. S. Freiler, P. J. Martin, Frank Little, Horace McCool, Joseph Johnson, T. E. Hummel and C. Ackerman, aldermen, officers of said City of Pottsville.  Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ.  Affirmed.

Suggestion for writ of quo warranto.  Before KUNKEL, P. J.

The opinion of the Supreme Court states the facts.

The Commonwealth demurred to defendants' answer and the court directed judgment to be entered in favor of the defendants.  The Commonwealth appealed.

*Error assigned* was the order of the court.

*A. L. Shay* and *C. E. Berger* with them *John F. Whalen, J. E. B. Cunningham,* deputy attorney general, and *John C. Bell,* attorney general, for appellant.—The Act

of May 28, 1907, P. L. 268, repealed the Act of April 15, 1907, P. L. 66; Reid v. Smoulter, 128 Pa. 324; Thirty-ninth Ward Election, 35 Pa. Superior Ct. 256; New London Northern Railroad Co. v. Boston R. R. Co., 102 Mass. 386; Biglow v. Boston, 123 Mass. 50; Com. v. Decamp, 177 Pa. 112; Millvale Bank v. Bank, 234 Pa. 1; Somerset Road, 74 Pa. 61; Hendrix's Account, 146 Pa. 285; Commonwealth v. Railway Co., 162 Pa. 614; Danville State Hospital v. Boro. Overseers, 163 Pa. 175; Safe Deposit & Trust Co. v. Fricke, 152 Pa. 231; Easton Bank v. Commonwealth, 10 Pa. 442; Brown v. Commrs., 21 Pa. 37; Commonwealth v. Cromley, 1 Ashmead 179; Johnston's Est., 33 Pa. 511; Rhoads v. Building and Savings Assn., 82 Pa. 180.

*George M. Roads* and *James B. Reilly*, with them *E. P. Leuschner,* city solicitor, and *William M. Fausset,* for appellee.—The Acts of May 28, 1907, P. L. 268, and April 15, 1907, P. L. 66, stand together, and the former does not repeal the latter: Erie v. Bootz, 72 Pa. 196; White v. Meadville, 177 Pa. 643; Mansel v. Nicely, 175 Pa. 367; Hanover Borough's App., 150 Pa. 202; Hand v. Fellows, 148 Pa. 456; Beltzhoover v. Beltzhoover, 173 Pa. 213; Warner v. Coatesville Borough, 231 Pa. 141; Neeld's Road, 1 Pa. 355; Jackson v. Penna. R. R. Co., 228 Pa. 566.

OPINION BY MR. JUSTICE ELKIN, July 1, 1914:

This litigation grows out of what may be very properly called bungling legislation. It would be a difficult task for anyone to satisfactorily explain why the legislature felt called upon to pass the Act of April 15, 1907, P. L. 66, and the Act of May 28, 1907, P. L. 268. These acts relate to the same general subject matter, and could have been very easily and much more properly embodied in a single statute. The former act contained no repealing clause, while the latter act provided that all acts or parts of acts inconsistent therewith "be and the same

are hereby repealed." Both acts were intended to be amendments to the Act of April 10, 1905, P. L. 127, which was an amendment to article one of section one of the Act of May 23, 1889, P. L. 277, providing for the incorporation and government of cities of the third class. The precise question for determination here is whether the Act of May 28, 1907, repealed the Act of April 15, 1907, passed at the same session of the legislature. There is no express repeal of the first act, nor is there a repeal by implication, unless we hold that the provisions of the Act of April 15th, are inconsistent with the Act of May 28th. We find no such inconsistency as would indicate an intention upon the part of the legislature to repeal the former statute by the later act. Indeed the language of both acts is identical in most of their provisions and only differs in a few particulars. Where two acts are passed at the same session of the legislature, the presumption is strong against implied repeal, and effect must be given to each if possible: 36 Cyc. 1086. This rule of construction is of universal application. Counsel for appellant concede the rule but contend that it should not be applied to the present case because, among other reasons suggested, the Act of May 28, 1907, contains a repealing clause. What was said by Chief Justice MITCHELL, in Haspel v. O'Brien, 218 Pa. 146, is directly in point in so far as the effect to be given the repealing clause has anything to do with the present case. That learned jurist, speaking for this court, stated the rule as follows: "The usual legislative phrase is that all acts and parts of acts inconsistent with the act passed are repealed. This is only ex majore cautela, for that would be the effect without such a clause. But that phrase leaves open the question what acts are inconsistent." As hereinbefore stated, we find no such inconsistency in the provisions of the two acts as to indicate a legislative intention that the former act should be repealed by the later one. That the Act of May 28, 1907, was intended as a further amendment and

not as a repeal of the former statute is indicated by its title in which it is expressly stated to be "An Act to further amend" the Act of 1889 as amended by the Act of 1905. The phrase "To further amend" indicates an intention, not to repeal, but to add some further provisions to the former statutes. We therefore fully agree with the learned court below that the legislature of 1907 intended to amend the Act of April 10, 1905, in two particulars: (1) In respect to providing another and perhaps an additionel tribunal to issue the order for holding the election; and (2) as regards the manner of voting, form of the ballot, the computation of the returns and the certification of the same. We see no difficulty in construing these acts so that they may stand together and be considered as in pari materia. It is a simple question of legislative intention, and if the legislature did not intend both acts to be in force and effect, this legislation would be meaningless.

Other reasons are urged by counsel for appellees in support of their contention that the appeal should be dismissed. These we do not feel called upon to discuss because what has already been said is decisive of the case. On the merits the case is against appellant. At an election held nearly four years ago a majority of the qualified electors of the Borough of Pottsville voted in favor of incorporation as a city of the third class. All the preliminary steps were taken as the law requires and letters patent were issued by the governor more than three years ago. We are now asked to set aside all of these proceedings and strike down the charter which the people demanded on the ground that the Court of Quarter Sessions issued the order to hold the election as provided by the Act of April 15, 1907, whereas it is contended this order should have been issued by the borough council under the Act of May 28, 1907. This should not be done unless imperative rules of law so require. We find no such imperative rules either of law or of construction. These two acts can stand together,

and when so construed, the order for the election was properly issued and the entire proceedings under which the Borough of Pottsville became a city of the third class must be deemed regular and valid.

Judgment affirmed.