## Registration of Plumbers.

*Plumbers—Registration—Engineers—Engineers' Act of May 25, 1921—Statutes—Repeal—Plumbers' licenses—Acts of June 24, 1895, June 7, 1911, and May 21, 1913—Constitutional law—Title of act—Words and phrases.*

1. It was not the intention of the legislature by the general repeal clause of the Engineers' Act of May 25, 1921, P. L. 1131, to repeal the Plumbers' Licensing Acts of June 24, 1895, P. L. 232, June 7, 1911, P. L. 680, and May 21, 1913, P. L. 276.

2. The title of the Engineers' Act of May 25, 1921, is not broad enough to include plumbers.

3. A plumber is not a professional engineer within the meaning of section 2 of the Engineers' Act of May 25, 1921.

4. Under the act the term "professional engineer" means any person who, through technical knowledge gained in one or more branches of engineering, initiates, directs, etc., the control of the forces of, and the utilization of the materials of, nature and of human activities in connection therewith for the benefit of man, and who represents himself to be such a professional engineer. The term does not include plumbers.

5. Repeal of a statute by implication is not favored.

Department of Justice. Opinion to the State Board of Registration of Professional Engineers and Land Surveyors.

CAMPBELL, Dep. Att'y-Gen., Dec. 23, 1924.—This department is in receipt of your request for an opinion as to whether or not plumbers are within the scope of the Act of May 25, 1921, P. L. 1131 (hereinafter referred to as the Engineers' Act).

The act is entitled "An act to regulate the practice of the profession of engineering and of land surveying; creating a State Board for the Registration of Professional Engineers and Land Surveyors; defining its powers and duties; imposing certain duties upon the Commonwealth and political subdivisions thereof in connection with public work, and providing penalties."

Section 1 requires every person, with certain exceptions not here of interest, practicing or offering to practice the profession of engineering or land surveying to be registered as a "professional engineer" or as a "land surveyor."

Section 2 contains the following definition: "The term 'professional engineer,' as used in this act, means a person who, through technical knowledge gained by education or experience in one or more branches of engineering, initiates, investigates, plans and directs the control of the forces of, and the utilization of the materials of, nature and of human activities in connection therewith, for the benefit of man, and who represents himself or herself to be such a professional engineer, either through the use of the term 'professional engineer,' with or without qualifying adjectives, or through the use of some other title implying that he or she is such a professional engineer."

Three subjects of inquiry arise in the discussion of this question:

1. Is the definition of the term "professional engineer." as given in section 2 of the act, broad enough to include plumbers?

2. Does the title of the act give sufficient notice of their inclusion?

3. Does the act clearly set forth the intent of the legislature to repeal by implication the provisions contained in prior legislation to regulate and license plumbers?

1. It is contended that a professional engineer is one who "initiates, investigates, plans and directs the control of the forces of, and the utilization of the materials of, nature and of human activities in connection therewith for the benefit of man;" that water, gas and heat are such forces and materials of nature which a plumber so initiates, investigates, plans or directs together with human activities in connection therewith; and that, therefore, every master plumber must be registered under the provisions of the act. If the

definition is that broad, a plumber seems to be included, if he "represent himself . . . to be such a professional engineer, either through the use of the term 'professional engineer' . . . or through the use of some other title implying that he . . . is such a professional engineer." If a plumber is included in the definition, then the term "plumber" is a "title implying that he . . . is such a professional engineer."

The same reasoning could be applied to other trades and businesses. Water, gas, oil, coal, iron and all other minerals, timber, and even that combination of soil, heat and moisture which produces agricultural products are forces and materials of nature. Was it intended to include within this definition every person who initiates, investigates, plans and directs the control of these forces, or the utilization of these materials, or any human activities in connection therewith?

By the use of the word defined within the definition, the scope of the definition itself seems to have been restricted. The definition provides that the term "professional engineer" means any person who, through technical knowledge gained in one or more branches of engineering, initiates, directs, etc., the control of such forces and materials, and who represents himself to be such a professional engineer.

The definition given in the act is, therefore, not broader than the terms "engineering" and "engineer," as the same are generally understood.

The following definitions are given of engineering:

The science and art of making, building or using engines and machines, and designing and constructing public works or the like, requiring special knowledge of materials, machinery and the laws of mechanics.

In the different branches of engineering, mechanical principles are applied, as explained below: *Inter alia,* in heating: to the heating of buildings as by steam or hot water; in sanitation: to the design, construction, arrangement and inspection of systems of plumbing, drainage and sewerage, the disposition of sewerage, the abatement of industrial nuisances, etc. (when especially applied to the needs of a town, called municipal) : Standard Dictionary.

The art of constructing and using engines or machines, the art of executing civil or military works which require a special knowledge or use of machinery, or of the principles of mechanics.

Illustrations: Civil engineering; electrical; hydraulic; mechanical or dynamic; military; mining; naval or marine: Century Dictionary and Cyclopedia.

As commonly understood, then, engineering involves a special knowledge of the laws and principles of mechanics utilized in the making, building, designing and constructing of engines and machines and public works. This requirement is not met by the knowledge gained by the ordinary artisan through his observation of the operation of these laws of mechanics: It is more than a mere "rule of thumb;" it involves a knowledge of the principles underlying such laws.

It appears, therefore, that the term "professional engineer," as defined in section 2 of the act, is not broad enough to include plumbers as such.

2. Even if the definition of "professional engineer," as contained in section 2 of the act, is broader than that which is attached to the term in the common understanding, it must be limited to the term as commonly understood, because there is no notice in the title of the act of an intent to give to the term a special meaning.

"The right of the legislature to define the terms it uses is beyond question, and the meaning it so attaches is mandatory upon the courts in the construc-

tion of the statute. But where such meaning is .given to the words describing the subject of the act, and is not that which attaches to them in the common understanding, the Constitution (Art. III, § 3) requires that the title shall express such special meaning with at least sufficient clearness to put readers on inquiry as to the full provisions:" Com. v. Kebort, 212 Pa. 289, 291.

3. For many years there has been statutory provision for the licensing of plumbers in boroughs and in cities of the first, second and third classes.

Section 1 of the Act of June 24, 1895, P. L. 232 (West Pa. Stats., § 15770), authorizes boards of health in cities and boroughs to provide for the registration of journeymen and master plumbers and persons engaged in the plumbing business in cities and boroughs.

Section 1 of the Act of June 7, 1911, P. L. 680 (West Pa. Stats., § 3522), provides that it shall be unlawful for any person to carry on or work at the business of plumbing or house drainage in cities of the first class until a certificate or license to engage in or work at said business shall have been granted said persons by the Director of the Department of Public Health and Charities, or the Department or Bureau or Board of Health of such cities, or until they have registered as such in the office of the Board or Bureau of Health of said cities.

Section 1 of the Act of May 21, 1913, P. L. 276 (West Pa. Stats., § 2845), contains a similar provision with reference to second and third class cities, as that for first class, except that the license is to be issued by the Director of the Department of Public Safety or Department or Board or Bureau of Health. (These acts of assembly, providing for the licensing of plumbers, are hereinafter referred to as Plumbers' Acts.)

The Engineers' Act did not specifically repeal any of the Plumbers' Acts. It contained a general repeal of all acts inconsistent therewith. Was it the intent of the legislature by implication to repeal the Plumbers' Acts and provide for the licensing of plumbers under the Engineers' Act?

Certain general rules as to the repeal of statutes by implication are applicable in determining this question:

"It is a reasonable presumption that all laws are passed with a knowledge of those already existing, and that the legislature does not intend to repeal a statute without so declaring: 1 Sutherland Statutory Construction (2nd ed.), § 267."

"But repeal by implication is not favored. (a) It is a reasonable presumption that the legislature did not intend to keep really contradictory enactments in the statute book, or to effect so important a measure as the repeal of a law without expressing an intention to do so. Such an interpretation, therefore, is not to be adopted unless it be inevitable. Any reasonable construction which offers an escape from it is more likely to be in consonance with the real intention. Hence it is, . . . in order to give an act, not . . . clearly intended as a substitute for it, the effect of repealing it, the implication of an intention to repeal must necessarily flow from the language used, disclosing a repugnancy between its provisions and those of the earlier law, so positive as to be irreconcilable by any fair, strict or liberal construction of it, which would, without destroying its evident intent and meaning, find for it a reasonable field of operation, preserving, at the same time, the force of the earlier law, and construing both together in harmony with the whole course of legislation upon the subject:" Endlich on Interpretation of Statutes, § 210.

"Repeal of statutes by implication is not favored, and unless a statute is repealed in express terms, the presumption is always against an intention to repeal. A presumption to repeal an earlier by a later statute can only arise

when the two statutes are irreconcilable or the intention is clearly expressed. There must be a clear repugnancy between the two statutes to justify the court in declaring that the one repeals the other:" Carpenter v. Hutchuson, 243 Pa. 260, 266; Jackson v. Pennsylvania R. R. Co., 228 Pa. 566, 574.

"It is but a particular application of the general presumption against an intention to alter the law beyond the immediate scope of the statute, to say that a general act is to be construed as not repealing a particular one; that is, one directed towards a special object or a special class of objects. . . . Having already given its attention to the particular subject, and provided for it, the legislature is reasonably presumed not to intend to alter that special provision by a subsequent general enactment, unless that intention is manifested in explicit language. . . . The general statute is read as silently excluding from its operation the cases which have been provided for by the special one: . . ." Endlich on Interpretation of Statutes, § 223.

"It is also a rule that where two statutes treat of the same subject, one being special and the other general, unless they are irreconcilably inconsistent, the latter, although latest in date, will not be held to have repealed the former, but the special act will prevail in its application to the subject-matter as far as coming within its particular provisions:" 1 Sutherland Statutory Construction, § 274.

"A general statute without negative words does not repeal a previous statute which is particular, even though the provisions of one be different from the other:" Rymer v. Luzerne County, 142 Pa. 108, 113, and Com. v. Lloyd, 2 Pa. Superior Ct. 6, 17.

The fact that the general act contains a clause repealing acts inconsistent with it does not diminish the force of these rules of construction: Endlich on Interpretation of Statutes, § 223; 1 Sutherland Statutory Construction, § 274; Com. v. Pottsville, 246 Pa. 468, 471.

Even if the definition of the word "engineer," as given in the Engineers' Act, includes plumbers and the title of the act is broad enough to give notice of the inclusion of such, there is nothing in the Engineers' Act to indicate that the legislature intended that this general act should repeal the Plumbers' Acts (acts directed toward a special class within the general class) and substitute the provisions of the former for those of the latter.

The former legislature having provided for the particular subject, it is presumed that it was not the intent to alter that special provision by the subsequent enactment of the Engineers' Act, unless manifest in explicit language. And there is no language manifesting such an intent.

There is no irreconcilable repugnancy between the Plumbers' Act, on the one hand, and the Engineers' Act, on the other; the two are not inconsistent, but can be construed in harmony. Indeed, the system adopted in the Plumbers' Acts recognize a difference in plumbing requirements and practices in communities of different sizes by providing for licenses to be issued by local boards, which system should not be abandoned for one which fails to recognize such differences, unless the intent of the legislature so to do clearly appears.

Because of the conclusions under part 3 hereof and the grave doubt that plumbers are included in the definition of the word "engineers," and the consequent doubt as to the sufficiency of the title, I am of the opinion that the legislature did not intend to repeal the Plumbers' Acts by the Engineers' Act and to include plumbers within the terms of the Engineers' Act. I, therefore, advise you that plumbers are not required to be licensed by your board.

From C. P. Addams, Harrisburg, Pa.