## Price, et al. v. Fox, Judge, et al.

(Decided June 25, 1926.)

(Rehearing Denied, with Modification, June 24, 1927.)

### Appeal from Jefferson Circuit Court (·Chancery·Branch, Second Division).

1. Taxation.—Acts 1924, c. 111, imposing different tax rates on personal property of persons dying resident in Kentucky, and persons dying residents elsewhere, does not contain unreasonable or arbitrary classification, and does not violate Constitution, section 171, requiring uniformity of taxation.

2. Statutes.—Title to Acts 1924, c. 111, "An act to provide for progressive tax on transfers of direct and collateral inheritances; and to amend sections 4281a, 4281b, 4281c," and other named sections, does not fail to express subject of act as required by Constitution, section 51, or result in surprise or fraud on Legislature, where act in fact did not amend prior acts, but impliedly repealed all prior acts.

3. Statutes.—Acts 1924, c. 111, taxing transfers of inheritances, and amending Ky. Stats., sections 4281a, 4281b, 4281c, and other named sections, is not in violation of Constitution, section 51, though body of act did not republish amended sections, since act in effect did not amend prior sections, but provided complete scheme for inheritance taxation.

4. Statutes.—Act not amending pre-existing law, but providing substitute for much, if not all, of it, does not require republication of prior law, under Constitution, section 51, providing that so much of an existing law as is revised or amended shall be re-enacted and published at length.

5. Constitutional Law.—Acts 1924, c. 111, section 10, attempting to provide for revival of sections of old law corresponding to sections of new law found to be unconstitutional, produces same result as would be arrived at under general law applicable to like situation, and validity of section need not be determined.

6. Statutes.—Acts 1924, c. 111, section 11, repealing designated statutes only to extent that they conflict with chapter of new law, produces same result that would take place without repealing section, if all sections of new law are valid.

7. Statutes.—Acts 1924, c. 111, section 11, providing that specified sections and all other laws in conflict with new law, are repealed to extent of such conflict, held intended to repeal earlier laws only when they conflicted with valid part of new law.

8. Statutes.—Acts 1924, c. 111, section 11, providing that specified sections and all other laws in conflict with new law are repealed to extent of such conflict, held not intended to repeal earlier laws conflicting with new law, which, because of invalidity, was void from its inception.

9.    Statutes.—Acts 1924, c. 111, section 11, providing that specified
      sections and all other laws in conflict with new law are repealed
      to extent of such conflict, was not an amendatory section, but re-
      pealing one, superseding old law to extent of conflict, and hence
      it was not necessary to republish parts of old law repealed.

TRABUE, DOOLAN, HELM & HELM for appellants.

RAINEY T. WELLS and FRANK E. DAUGHERTY, Attorney Gen-
eral, for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirm-
ing.

This appeal by the executors of John W. Price
draws in question the constitutionality and sufficiency of
the act of the General Assembly of 1924 entitled "An act
to provide for a progressive tax on transfers of direct
and collateral inheritances; and to amend sections 4281a,
4281b,    .    .    .    of the Kentucky Statutes, Carroll's
edition, 1915," and certain other acts of the General
Assembly relating to inheritance taxes.

John W. Price, a resident of Jefferson county, died
in March, 1925, testate. His estate was a large one, con-
sisting of both real and personal property, the latter
being both tangible and intangible. In his will he named
his two sons, John W. Price, Jr., and Charles B. Price,
as executors, and they qualified, and they instituted this
action in the Jefferson circuit court against Harry I.
Fox, judge of the Jefferson county court, and John B.
Lewis, Rainey T. Wells, and Seldon R. Glenn, members
of the state tax commission, praying that the "inherit-
ance tax law of 1924 be held and declared unconstitu-
tional and void, because passed in violation of the pro-
visions of section 51 of our state Constitution, and in
violation of section 171 relating to uniformity of taxes,
and that the law relating to inheritance tax prevailing
prior to March, 1924, to be held to be now in force and the
controlling law upon the subject."

The answer of the defendants is a traverse of the
material averments of the petition; one literary para-
graph thereof reading:

"They (the defendants) contend that chapter
111 of the Acts of 1924 is constitutional, and that
same should be sustained, and the inheritance tax
due from the above estate should be ascertained

under and pursuant to the laws of Kentucky in force under the provisions of the said act.''

A demurrer was interposed to the answer.

The learned chancellor, Lafon Allen, who heard the cause below, delivered a written opinion in part as follows:

"Plaintiffs challenge the validity of the act of 1924 upon two grounds:

"First that it violates section 171 of the Constitution of Kentucky, which requires uniformity of taxation, because it imposes one tax rate upon the personal property of persons dying resident in Kentucky and another tax rate upon that of persons dying resident elsewhere.

"Second. That it violates section 51 of the Constitution of Kentucky in the manner and form of its enactment.

"(1)  The claim that the discrimination in rates of tax between the estate of residents and those of nonresidents is a violation of the uniformity requirment of the Constitution is not insisted upon by plaintiffs.  The classification complained of is not, I think, arbitrary or unreasonable, and is, consequently, unobjectionable from a legal point of view. Board of Education v. Illinois, 203 U. S. 553, 27 S. Ct. 171, 51 L. Ed. 314, 8 Ann. Cas. 157; Keeney v. New York Comptroller, 222 U. S. 532, 32 S. Ct. 105, 56 L. Ed. 299, 38 L. R. A. (N. S.) 1139.

"(2)   Section 51 of the Constitution of Kentucky goes as follows:

" 'No law enacted by the General Assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length.' "

"The title of the act of 1924 is 'An Act to provide for a progressive tax on transfers of direct and collateral inheritances; and to amend sections 4281a, 4281b, 4281c' (and numerous other sections of the Kentucky Statutes and earlier legislative acts, named in the title).

"The body of the act makes no mention of, nor reference to, any of these sections or statutes, until the concluding clause (section 11) is reached. Section 11 repeals all of the sections and statutes mentioned in the title, as well as 'all other laws and parts of laws in conflict' with the act, 'to the extent of such conflict.' Section 10 of the act declares its provisions to be severable and provides that, in the event any of them should be declared unconstitutional, the remainder shall be unaffected. And it then undertakes to 'revive' and put into effect, in lieu of any provision held invalid, 'the corresponding provision of the statute in force at the time of this enactment.'

"Although the title speaks of 'amending' the numerous sections and statutes therein named, the body of the act does not, in terms, amend anything. The first nine sections of the act are, or appear to be, a complete body of law on the subject of inheritance taxation. They make no reference to any existing statute and cannot, in a legal sense, be said to be amendatory in character. Their only possible effect, so far as the pre-existing law on this subject is concerned, is to repeal it, or parts of it, by implication.

"(1) It is not claimed, as I understand it, that the title of the act is objectionable, because it does not 'express' the subject of the act. Certainly the title is comprehensive enough to cover everything that is found in the act itself. There is a suggestion that the title should be construed as if it read: 'An act to provide for a progressive tax on transfers of direct and collateral inheritances and for that purpose to amend sections 4281a,' etc. The title, thus construed, is misleading because the body of the act does not, in fact, amend the sections named. But I think the title cannot be narrowed in this manner. The act, by its title, is one to provide a scheme of inheritance taxes. What follows the semicolon is, perhaps, superfluous, but it is not misleading or deceptive. There is nothing in the body of the act of which fair warning is not given by the title.

"Even if the title of the act of 1924 were construed as suggested, it would, apparently, be unobjectionable, since it was held in Flynn v. Barnes, 156 Ky. 498, 161 S. W. 523, that an act entitled 'An act to amend section 4425 of the Kentucky Statutes rela-

tive to the examination of teachers,' etc., was valid, although the body of the act did not republish any portion of the old section 4425, but provided a substitute therefor.

"(2) It is not claimed that the act relates to more than one subject.

"In the two particulars above mentioned there is in the title of the act no silence or concealment, which could result in 'surprise or fraud upon the Legislature by means of provisions of which the title gives no intimation, and which might, therefore, be overlooked and carelessly and unintentionally adopted.' South v. Fish, 181 Ky. 349, 205 S. W. 329; Thompson v. Commonwealth, 159 Ky. 8, 166 S. W. 623; Erlanger Graded School District v. Tate, 155 Ky. 296, 159 S. W. 777.

"I think the title of the act uses the word 'amended' inaccurately, but I think no deception or surprise could result from that inaccuracy.

"(3) The real objection to the act is based upon the latter portion of section 51 of the Constitution, which requires that so much of an existing law as is revised or amended be 're-enacted and published at length.'

"This objection cannot apply to the first nine sections of the act, since they do not purport to amend the pre-existing law, but to provide a substitute for much, if not all, of it. In such case, republication is unnecessary. Purnell v. Mann, 105 Ky. 87, 48 S. W. 407, 49 S. W. 346, 50 S. W. 264, 20 Ky. Law Rep. 1146, 1396, 21 Ky. Law Rep. 1129; Board of Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017."

We concur in the views of the chancellor as set out above. We are next confronted with the validity of section 10 of the act. It reads:

"The provisions of this act are severable, and if any of its provisions shall be held unconstitutional, the decisions of the courts shall not affect or impair any of the remaining provisions of this act. It is hereby declared as a legislative intent that this act would have been adopted had such unconstitutional provisions not been included therein, and if any provisions of this act shall be held invalid or

unconstitutional, then the corresponding provision of the statute in force at time of this enactment shall be revived and put in force in lieu of the provision held invalid or unconstitutional.''

In connection with this section, we should also read section 11 of the act, which is:

"Sections 4281a, 4281b, 4281c, 4281d, 4281e, 4281f, 4281g, 4281h, 4281i, 4281k, 4281l, 4281m, 4281n, 4281o, 4281p, 4281q, 4281r, and 4281t of Carroll's Kentucky Stautes, 1915, and chapter 26 of the Acts of the General Assembly of 1916, chapter 44 of the Acts of the General Assembly of 1920, and chapter 56 of the Acts of the General Assembly of 1918, and all other laws and parts of laws in conflict herewith are hereby repealed to the extent of such conflict.''

It is earnestly contended by appellants that section 10, in so far as it "undertakes to revive and put into effect in lieu of any provision held invalid a corresponding provision of the statute in force at the time of the enactment," is invalid, and the chancellor so held. If this premise be correct, appellants then urged the unconstitutionality of certain other sections of the act, notably, section 8, and then say that, if section 8 be unconstitutional, and section 10 in the particular mentioned be also unconstitutional, the whole act must fall, because it cannot be presumed that the Legislature would have passed the act with no provision for taxing estates of nonresident decedents.

It must be confessed that the criticized portions of section 10 of the act are an apparent anomaly. Our attention has been called to no other act of the General Assembly containing like or similar language. It must be conceded, however, that if section 11 of the act does not force us to a different conclusion, the Legislature, by the language it has used in section 10, has attempted to arrive at exactly the same end as the courts would have done, in the absence of such language. In Gay v. Brent, 166 Ky. 833, 179 S. W. 1051, speaking to this question, we said:

"The validity of a constitutional enactment . . . cannot be impaired or affected by an unconstitutional amendment. The amendment may be held invalid, but the act it amends, if free from constitu-

tional objections, will stand as it did before the unconstitutional amendment. It cannot for a moment be entertained that an unconstitutional amendment to a valid act can destroy the validity of the act. The amendatory act is void from its inception, and may be entirely discarded as unaffecting the original act.''

We see, therefore, that, even though we hold the criticized portion of section 10 invalid, the same result will be arrived at under the general law applicable to a like situation, providing section 11 of the act does not compel a different conclusion.

It will be noted that section 11 of the act does not repeal outright the designated acts and sections of the statutes set out therein. It repeals them only to the extent they conflict with the various sections of chapter 111 of the Acts of 1924. If all the sections of chapter 111 of the Acts of 1924 are valid, the Legislature again did no more by this expressed repeal than would have taken place without it. See Schwartz v. Boswell, 156 Ky. 103, 160 S. W. 748; Head v. Commonwealth, 165 Ky. 603, 177 S. W. 731. But, if any of the sections of this chapter 111 of the Acts of 1924 be invalid, do we reach the same result? In 25 R. C. L. p. 1009, we find:

''The construction of a statute can ordinarily be in no wise affected by the fact that it is subdivided into sections or titles. A statute is passed as a whole, and not in parts or sections, and is animated by one general purpose or intent. Consequently the several parts or sections of an act are to be construed in connection with every other part or section, and all are to be considered as parts of a connected whole, and harmonized, if possible, so as to aid in giving effect to the intention of the lawmakers.''

As we said in Felts v. Linton, County Judge, 217 Ky. 305, 289 S. W. 312:

''The statute must be considered *as a whole as passed,* and its intention derived from a consideration of all of its clauses and provisions.''

With these rules in mind, we must construe section 11 in the light of the other sections of the act, and, when we do, we can but conclude that the Legislature intended to repeal the earlier laws only when they conflicted with

any valid part of the new law which it was enacting. It was clearly the purpose of the Legislature, as we gather it from sections 10 and 11, to leave the earlier laws in effect, except and only to the extent that they were superseded by constitutional portions of the new act. In Young v. Trimble, 164 Ky. 177, 175 S. W. 366, we had before us the construction of section 3 of chapter 13 of the Acts of 1914. Standing by itself, that section repealed all laws and parts of laws in conflict with sections 1 and 2 of the act. But we held that section 3 must be read so as "to harmonize with the title and the body of the act and confined to the purpose of the act as expressed in the title and the body." So here we must read section 11 so as to harmonize it with the body of the act, and it must be confined to the purpose of the act. As we said in the Gay case, supra:

"The amendatory act (found to be unconstitutional) is void from its inception."

The Legislature, by section 11, never meant to repeal any part of the earlier laws which might be in conflict with any part of chapter 111 which because of invalidity was "void from its inception." In Board of Penitentiary Commissioners v. Spencer, 159 Ky. 255, 166 S. W. 1017, after an elaborate consideration of the authorities, certain conclusions were arrived at in conection with the question what must be done by the Legislature in the enactment of laws to comply with section 51 of the Constitution. Among those conclusions were these:

"It is not necessary, when the body of the new act repeals or has the effect of repealing all or part or an existing act, to republish or set forth the parts repealed, although the title of the repealing act may purport to be an amendment to the existing act."

Section 11 of the act under consideration was not an amendatory section, but a repealing one, accomplishing in reality only what would have been accomplished without it. It was not necessary to republish or set forth the parts of the old law repealed. The new law is not an amendment to the old law. It is new legislation, superseding and taking the place of the old law, to the extent it validly conflicts with it. See Mark v. Bloom, 141 Ky. 474, 133 S. W. 203. Entertaining these views as to the proper construction to be put on section 11, we conclude

that it is unnecessary to determine the validity of section 10, since the same result is obtained whether it be valid or invalid.

It results, therefore, that the act of 1924 is not, as a whole, unconstitutional, and, the judgment of the lower court being in accord with these views, it is affirmed.

Whole court sitting.